FILED ___RECEIVED
___ENTERED ___SERVED ON
COUNSEL/PARTIES OF RECORD

2003 OCT -3  A 11: 03

[court stamp]

BY_____ DEPUTY

RICHARD J. POCKER
DOUGLASS A. MITCHELL
DICKERSON, DICKERSON,
    CONSUL & POCKER
777 North Rainbow Blvd., Suite 350
Las Vegas, NV 89107
Telephone: (702) 388-8600
Facsimile: (702) 388-0210

JOHN F. CERMAK, JR.
SONJA A. INGLIN
JENKENS & GILCHRIST, LLP
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY, a Nevada limited liability company, and IRWIN KISHNER, JERRY ENGEL and BANK OF AMERICA N.A., as Co-Trustees of the HERMAN KISHNER TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>AL PHILLIPS THE CLEANER, INC., a Nevada corporation, MELVIN SHAPIRO and PHILIP SHAPIRO, individually and doing business individually and/or as a general partner of "Al Phillips The Cleaner" or "Al Phillips The Cleaner, Inc.," SHAPIRO BROS. INVESTMENT CORP., a dissolved Nevada corporation, DCI USA, INC., a Nevada corporation,<br><br>Defendants. | CASE NO. CV-S-02-1218-RJJ<br><br>**FIRST AMENDED COMPLAINT FOR: (1) COST RECOVERY PURSUANT TO SECTION 107 OF THE COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT, 42 U.S.C. SECTION 9601** *et seq.* **("CERCLA"); (2) CONTRIBUTION UNDER SECTION 113 OF CERCLA; (3) DECLARATORY RELIEF UNDER CERCLA; (4) INJUNCTIVE AND OTHER RELIEF UNDER THE RESOURCE CONSERVATION AND RECOVERY ACT, 42 U.S.C. SECTION 6972; (5) BREACH OF CONTRACT AND INDEMNITY; (6) NEGLIGENCE; (7) PRIVATE NUISANCE; (8) TRESPASS; (9) UNJUST ENRICHMENT; (10) EQUITABLE INDEMNITY; AND (11) DECLARATORY RELIEF** |

///

///

14

## JURISDICTION

1. This Court has jurisdiction of the subject matter of this action pursuant to Sections 107 and 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. Sections 9607 and 9613(b) with respect to Plaintiffs' claims under CERCLA and pursuant to Section 7002(a) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. Section 6972(a), with respect to Plaintiffs' claim under RCRA, and also under 28 U.S.C. Section 1331. This Court also has supplemental jurisdiction with respect to Plaintiffs' state common law claims pursuant to 28 U.S.C. Section 1367.

2. Venue in this Court is proper pursuant to Section 113(b) of CERCLA, 42 U.S.C. Section 9613(b) and 28 U.S.C. Section 1391(b) and under Section 7002(a) of RCRA, 42 U.S.C. Section 6972(a), because the real property that is the subject of this action is located within this district.

## PARTIES

3. Plaintiffs Irwin Kishner, Jerry Engel and Bank of America N.A. are the duly appointed and acting co-trustees of the Herman Kishner Trust, which was created by a declaration of trust dated October 17, 1969 by Herman Kishner, as trustor (the "Herman Kishner Trust").

4. Plaintiff Maryland Square Shopping Center Limited Liability Company ("MSSC") is a limited liability company organized and existing under the laws of the State of Nevada.

5. Plaintiffs and their predecessors in interest each at certain times owned that certain real property commonly known as 3651 to 3681 South Maryland Parkway, Las Vegas, Nevada on which a shopping center is located (the "Maryland Square Property").

6. Plaintiffs are informed and believe, and on that basis allege, that Defendants MELVIN SHAPIRO and PHILIP SHAPIRO each is an individual who resides in the State of Nevada and who, at certain times relevant to this action, conducted business individually and/or as a general partnership under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc."

7. Defendant AL PHILLIPS THE CLEANER, INC. ("APTC") is a corporation which is incorporated and exists under the laws of the State of Nevada.

8. Defendant SHAPIRO BROS. INVESTMENT CORP. ("SBIC") is a corporation which was formed under the laws of the State of Nevada in or about 1972 and which was dissolved in 1984. Plaintiffs are informed and believe, and on that basis allege, that SBIC conducted business under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc." at certain times relevant to this action and that Defendants APTC, Melvin Shapiro and/or Philip Shapiro each assumed or is otherwise the successor to and liable for the obligations and liabilities of SBIC.

9. Defendant DCI USA, INC. ("DCI") is a corporation which is incorporated and exists under the laws of the State of Nevada and which is the successor by name change and merger to Johnson Group, Inc., a corporation which was incorporated under the laws of the State of Ohio.

10. Defendants APTC, Melvin Shapiro, Philip Shapiro, SBIC, are sometimes referred to collectively below as the "APTC Defendants."

11. Defendants Melvin Shapiro, Philip Shapiro and DCI are sometimes referred to as the "Guarantor Defendants."

## LEASE AND OCCUPANCY OF THE APTC PREMISES

12. Since approximately 1969, the APTC Defendants or their predecessors have occupied certain premises located within the Maryland Square Property at which a dry cleaning business has been operated (the "APTC Premises").

13. In or about April 1968, a lease for the APTC Premises was entered into between Herman Kishner, dba Maryland Square Shopping Center, as lessor and as predecessor to the Plaintiffs, and "Al Phillips The Cleaner, Inc.," as lessee, and was modified by the terms of an addendum dated February 27, 1969 (the "1968 Lease"). The 1968 Lease, as extended by the lessee, continued in effect through 1981. Plaintiffs are informed and believe, and on that basis allege, that Defendants Melvin Shapiro, Richard Shapiro and/or SBIC, leased and occupied the

APTC Premises during the term of the 1968 Lease, either as lessees or assignees under the 1968 Lease or in some other capacity.

14. Under the 1968 Lease, and in particular Articles VIII and XXI of such Lease, the lessee was required: (a) to comply with applicable city, state and federal laws and other requirements in occupying the APTC Premises; and (b) to indemnify and hold the lessor harmless with respect to all claims arising from any act, omission or negligence on the part of lessee or its agents or arising from any accident, injury or damage caused to any person or property and from any costs, expenses and liabilities incurred in connection with any claims. The 1968 Lease provides in Article XXX for the recover of reasonable attorney's fees and expenses in an action to enforce its terms.

15. In November 1982, a second lease for the APTC Premises, entitled Indenture of Lease, was entered into by the Herman Kishner Trust, as lessee, and SBIC, doing business as "Al Phillips The Cleaner," as lessee (the "1982 Lease"). In or about August 1984, SBIC assigned its rights and obligations under the 1968 Lease to APTC. As part of such assignment, Johnson Group, Inc. (to which Defendant DCI USA, INC. is the successor by merger and name change), Melvin Shapiro and Richard Shapiro each guaranteed APTC's payment and performance of all obligations contained in the 1982 Lease. The term of the 1982 Lease, which was for ten years ending on December 31, 1993, was extended pursuant to the terms of the 1982 Lease for an additional ten years, or until December 31, 2003.

16. Pursuant to the terms of the 1982 Lease, and in particular Paragraphs 3, 16 and 31 of such Lease, the lessee is required: (a) to comply with applicable city, state and federal laws and other requirements in relation to the 1982 Lease and the lessee's occupancy of the APTC Premises; and (b) to indemnify and hold the lessor harmless with respect to certain demands and expenses (including attorney's fees) arising out of the lessee's negligence or other fault or omission or by reason of the lessee's violations of applicable laws, ordinances and regulations. The 1982 Lease provides, in Paragraph 12, that the Court may award reasonable attorney's fees and costs to the party prevailing in enforcing any obligation of the other party under the 1982

1. Lease or in any litigation connected with the 1982 Lease.

2. 17. Plaintiffs have been required to engage counsel to bring this action and have incurred and are continuing to incur attorney's fees and costs.

3. 18. Plaintiff Herman Kishner Trust is the successor to the rights of Herman Kishner as lessor under the 1968 Lease and with respect to the Maryland Square Property. Plaintiff MSSC is the successor by assignment to the rights of the Herman Kishner Trust, as lessor under the 1982 Lease, and to its rights with respect to the 1968 Lease and the Maryland Square Property.

**PLAINTIFFS' INVESTIGATION OF THE MARYLAND SQUARE PROPERTY**

19. Plaintiffs have conducted an investigation of the Maryland Square Property (the "Investigation") at the direction of the Nevada Division of Environmental Protection (the "Agency"). Plaintiffs have been required consultants to conduct the Investigation and to date have incurred substantial sums in connection with the Investigation.

20. The Investigation has disclosed the presence of perchloroethylene ("PCE"), trichloroethylene ("TCE") and other substances in the soil and groundwater at the Maryland Square Property. It has further detected a plume of groundwater containing, among other things, PCE and TCE, beneath the Maryland Square Property and adjoining properties.

21. Plaintiffs are informed and believe, and on that basis allege, that as part of dry cleaning and other operations at the APTC Premises, the APTC Defendants used PCE and other chemicals (the "Dry Cleaning Chemicals"). The chemicals detected in the soil and groundwater as part of the investigation include the Dry Cleaning Chemicals or their breakdown products. Plaintiffs therefore are informed and believe, and on that basis allege, that releases (as that term is defined in Section 101(22) of CERCLA, 42 U.S.C. Section 9601(22)) of Dry Cleaning Chemicals have occurred and are continuing to occur at the APTC Premises and that such releases have impacted the soil and groundwater beneath the Maryland Square Property and adjoining properties.

22. Plaintiffs have incurred costs and other expenses, including, but not limited to,

1  costs of response within the meaning of Sections 101(23) to (25) of CERCLA, 42 U.S.C.
2  Sections 9601(23) and (25), in connection with the Investigation and will incur additional costs
3  of response in the future.

4  23.  Plaintiffs made demand on certain of the APTC Defendants and the Guarantor
5  Defendants that such Defendants assume liability and responsibility for the Investigation and any
6  remediation required as a result of the Investigation, but such Defendants, in response to such
7  demands, have failed to assume such liability and responsibility to Plaintiffs.

8  24.  On or about March 15, 2002, the Clark County School District acquired the
9  Maryland Square Property from MSSC. In connection with such transfer, MSSC assigned its
10 interest in the 1982 Lease to the Clark County School District, but retained its rights and claims
11 against APTC with respect to the claims asserted under such Lease in this First Amended
12 Complaint.

## FIRST CLAIM FOR RELIEF

(For Cost Recovery Under Section 107 of CERCLA Against the APTC Defendants)

15 25.  Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended
16 Complaint as though fully set forth herein.

17 26.  The Dry Cleaning Chemicals are hazardous substances within the meaning of
18 Section 101(14) of CERCLA, 42 U.S.C. Section 9601(14).

19 27.  The portion of the APTC Premises at which the releases and threatened releases
20 described in this First Amended Complaint occurred (the "Site") constitutes a "facility" within
21 the meaning of Sections 101(22) and 101(9) of CERCLA, 42 U.S.C. Sections 9601(22) and
22 9601(9).

23 28.  Each of the APTC Defendants is a "person" as such term is defined in Section
24 101(21) of CERCLA, 42 U.S.C. Section 9601(21).

25 29.  Each of the APTC Defendants is a liable party within the meaning of Section
26 107(a) of CERCLA, 42 U.S.C. Section 9607(a), with respect to the APTC Premises.

27 30.  Plaintiffs are informed and believe, and based thereon allege, that releases and
28 threatened releases of hazardous substances into the environment within the meaning of Sections

1  101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. Sections 9601(14) and (22) and Section
2  9607(a), have occurred at and from the Site.

3      31.    As a result of such releases, Plaintiffs have incurred costs of response within the
4  meaning of Section 101(23) to (25) of CERCLA, 42 U.S.C. Sections 9601(23) and (25).

5      32.    Plaintiffs are not liable parties with respect to the Site within the meaning of
6  Section 107(a) of CERCLA, 42 U.S.C. Section 6907(a).

## SECOND CLAIM FOR RELIEF

(For Contribution Under Section 113(f) of CERCLA Against the APTC Defendants)

9      33.    Plaintiffs incorporate by reference Paragraphs 1 to 24 and 26 to 32 of this First
10  Amended Complaint as though fully set forth herein.

11      34.    If they are determined to be responsible parties under Section 107(a) of CERCLA,
12  42 U.S.C. Section 9607(a) (which Plaintiffs dispute), Plaintiffs are entitled to contribution from
13  the APTC Defendants pursuant to Section 113(f) of CERCLA, 42 U.S.C. Section 9613, for any
14  costs of response which Plaintiffs have incurred with respect to the Site. In addition, the
15  equitable factors which govern the allocation of liability under Section 113 of CERCLA, 42
16  U.S.C. Section 9613, require that the APTC Defendants be held responsible for all costs of
17  response incurred by Plaintiffs.

## THIRD CLAIM FOR RELIEF

(For Declaratory Relief Under CERCLA Against the APTC Defendants)

20      35.    Plaintiffs incorporate by reference Paragraphs 1 to 24, 26 to 32 and 34 of this First
21  Amended Complaint as though fully set forth herein.

22      36.    An actual controversy and dispute exists between Plaintiffs, on the one hand, and
23  the APTC Defendants, on the other hand, as to whether: (a) Plaintiffs are entitled pursuant to
24  Section 107 of CERCLA, 42 U.S.C. Section 9607, to recover from the APTC Defendants any
25  costs of response that Plaintiffs have incurred and/or may in the future incur as a result of
26  releases or threatened releases of hazardous substances at the Site, and (b) alternatively, whether
27  Plaintiffs are entitled to contribution from the APTC Defendants under Section 113(f) of

1  CERCLA, 42 U.S.C. Section 9613(f), for costs of response that they have incurred and/or may in
2  the future incur as a result of releases or threatened releases of hazardous substances at the Site.
3  Plaintiffs are informed and believe, and on that basis allege, that each of the APTC Defendants
4  disputes and denies that Plaintiffs are entitled to any recovery under CERCLA.

## FOURTH CLAIM FOR RELIEF

(For Injunctive and Other Relief Under Section 7002 of RCRA Against the APTC Defendants)

37. Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended Complaint as though fully set forth herein.

38. The Dry Cleaning Chemicals are solid or hazardous wastes within the meaning of Section 7002(2)(1)(B) of RCRA, 42 U.S.C. Section 6972(a)(1)(B).

39. Each of the APTC Defendants is a past or present generator or past or present owner or operator of the hazardous wastes at the APTC Premises, and has contributed or is contributing to the past or present, handling, storage, treatment, transportation or disposal of such hazardous wastes and to the releases and threatened releases of Dry Cleaning Chemicals from the APTC Premises.

40. The presence of the Dry Cleaning Chemicals in soil and groundwater beneath the Maryland Square Property and adjoining properties constitutes an imminent and substantial endangerment within the meaning of Section 6972(a)(1)(b) of RCRA, 42 U.S.C. Section 6972(a)(1)(B).

41. Prior to bringing this Claim for Relief, Plaintiffs gave the notice required by Section 7002(b)(2) of RCRA, 42 U.S.C. Section 6972(b). Upon filing of this First Amended Complaint, Plaintiffs will serve a copy of this First Amended Complaint on the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency, as required by Section 7002(b)(2)(F) of RCRA, 42 U.S.C. Section 9672(b)(2)(F).

## FIFTH CLAIM FOR RELIEF

(For Breach of the 1968 Lease Against the APTC Defendants)

42. Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended

Complaint as though fully set forth herein.

43. Plaintiffs are informed and believe, and on that basis allege, that during the term of the 1968 Lease, releases of Dry Cleaning Chemicals have occurred at the APTC Premises, in violation of applicable laws and requirements and in breach by the APTC Defendants of the terms of such Lease. The APTC Defendants have further breached the 1968 Lease by failing and refusing to indemnify and hold harmless Plaintiffs with respect to the Investigation and the costs of response which they have incurred and will in the future incur.

44. As a result of such breaches, Plaintiffs have been damaged and are continuing to suffer damage in an amount according to proof at time of trial.

## SIXTH CLAIM FOR RELIEF

(For Indemnity Under the 1968 Lease Against the APTC Defendants)

45. Plaintiffs incorporate by reference Paragraphs 1 to 24, 43 and 44 of this First Amended Complaint as though fully set forth herein.

46. Under the terms of the 1968 Lease, the lessee is obligated to indemnify the lessor with respect to the Investigation and for any costs and expenses (including attorney's fees) that it has or will incur as a result of releases of Dry Cleaning Chemicals at the APTC Premises and any soil or groundwater contamination which has occurred or may occur as a result.

## SEVENTH CLAIM FOR RELIEF

(For Breach of the 1982 Lease Against the APTC Defendants)

47. Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended Complaint as though fully set forth herein.

48. Plaintiffs are informed and believe, and on that basis allege, that during the term of the 1982 Lease, releases of Dry Cleaning Chemicals have occurred at the APTC Premises, in violation of applicable laws and requirements and in breach by the APTC Defendants of the terms of such Lease. The APTC Defendants have further breached the 1982 Lease by failing and refusing to indemnify and hold harmless Plaintiffs with respect to the Investigation and the costs of response they have incurred and will in the future incur.

49. As a result of such breaches, Plaintiffs have been damaged and are continuing to suffer damage in an amount according to proof at time of trial.

### EIGHTH CLAIM FOR RELIEF

(For Indemnity Under the 1982 Lease Against the APTC Defendants)

50. Plaintiffs incorporate by reference Paragraphs 1 to 24, 48 and 49 of this First Amended Complaint as though fully set forth herein.

51. Under the terms of the 1982 Lease, the lessee is obligated to indemnify Plaintiffs with respect to the Investigation and for any costs and expenses (including attorney's fees) that it has or will incur as a result of releases of Dry Cleaning Chemicals at the APTC Premises and any soil or groundwater contamination which has occurred or may occur as a result.

### NINTH CLAIM FOR RELIEF

(For Breach of Guaranty Against the Guarantor Defendants)

52. Plaintiffs incorporate by reference Paragraphs 1 to 24, 48, 49 and 51 of this First Amended Complaint as though fully set forth herein.

53. In connection with the assignment of the 1982 Lease to APTC in August 1984, Melvin Shapiro, Philip Shapiro and Johnson Group, Inc. each, jointly and severally, unconditionally guaranteed performance by APTC of "each and every one of the obligations of tenant under the lease herein assigned . . . as the same shall become due" and with or without prior demand or notice (the "Guaranty").

54. The Guarantor Defendants are obligated, pursuant to the terms of the Guaranty, to satisfy and perform each of the obligations of APTC under the terms of the 1982 Lease. Plaintiffs have made demand on Guarantor Defendants that they perform such obligations, but they have failed to date to do so. Plaintiffs are informed and believe, and on that basis allege, that the Guarantor Defendants dispute and deny that they are liable to Plaintiffs under the terms of the Guaranty.

///

///

## TENTH CLAIM FOR RELIEF

(For Negligence Against the APTC Defendants)

55. Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended Complaint as though fully set forth herein.

56. The APTC Defendants each owed a duty to Plaintiffs, as owners of the APTC Premises and of the Maryland Square Property, to use due care in the operation of the dry cleaning business at the APTC Premises and not to conduct such business in a manner that would result in releases of Dry Cleaning Chemicals or the contamination of soil or groundwater beneath the APTC Premises on the Maryland Square Property and/or adjoining properties.

57. The APTC Defendants each breached and violated such Defendant's duty of due care to Plaintiffs. As a result of such breach, Plaintiffs have suffered damages, in an amount according to proof at time of trial. The APTC Defendants' breach was the actual and proximate cause of damages suffered by Plaintiffs.

## ELEVENTH CLAIM FOR RELIEF

(For Private Nuisance Against the APTC Defendants)

58. Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended Complaint as though fully set forth herein.

59. Plaintiffs are informed and believe, and on that basis allege, that the APTC Defendants each allowed Dry Cleaning Chemicals to be released into the environment at the APTC Premises and that such releases caused contamination of soil and groundwater beneath the APTC Premises, the Maryland Square Property and/or adjoining properties.

60. By allowing Dry Cleaning Chemicals to be released at the APTC Premises and migrate into the soil and groundwater beneath the APTC Premises and the Maryland Square Property, the APTC Defendants each interfered with Plaintiffs' use and comfortable enjoyment of the APTC Premises and of the Maryland Square Property and created conditions that are offensive to the senses, or an obstruction to the free use and enjoyment of the Maryland Square Property.

61. The presence of hazardous substances at and beneath the APTC Premises and the Maryland Square Property constitutes a "nuisance" within the meaning of Section 40.140 of the Nevada Revised Code, in that such hazardous substances have interfered with Plaintiffs' free use and comfortable enjoyment of the Maryland Square Property.

62. At all relevant times, the APTC Defendants each had a duty not to permit or allow a nuisance at the APTC Premises. The APTC Defendants each breached that duty by allowing hazardous substances to be released at and migrate from the APTC Premises and by failing to remediate and remove such hazardous substances from soil and groundwater at the Maryland Square Property (including the APTC Premises) and adjoining properties.

63. As an actual and proximate result, Plaintiffs have been damaged in an amount according to proof at trial and will continue to suffer additional injury damages until such releases are remediated.

## TWELFTH CLAIM FOR RELIEF

(For Trespass Against the APTC Defendants)

64. Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended Complaint as though fully set forth herein.

65. The release and entry of hazardous substances into the soil and groundwater beneath the APTC Premises and the Maryland Square Property, without the consent, authorization or approval of Plaintiffs, constitutes a trespass and has interfered with the possession, use and enjoyment by Plaintiffs of the APTC Premises and the Maryland Square Property. Plaintiffs have incurred and in the future will incur costs to abate such trespass.

66. At all relevant times, the APTC Defendants each had a duty not to permit or allow such trespass. The APTC Defendants each was aware of the trespass but failed and refused to take action to prevent or abate it.

67. As an actual and proximate result, Plaintiffs have been damaged in an amount to be proven at trial and will continue to suffer additional damages and injury until such releases are remediated.

## THIRTEENTH CLAIM FOR RELIEF

(For Unjust Enrichment Against All Defendants)

68. Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended Complaint as though fully set forth herein.

69. By undertaking the Investigation, Plaintiffs have taken actions that are the obligation of Defendants, either by contract, statute, or common law, and in doing so, have conferred and are continuing to confer a benefit on Defendants. The Investigation was required as a result of the actions and activities of Defendants at or in connection with the APTC Premises and the costs incurred in the Investigation therefore should, in equity, be borne by Defendants, and not by Plaintiffs.

70. Defendants have each been unjustly enriched as a result of Plaintiffs' actions, and Plaintiffs are entitled to recover from Defendants to the extent that Defendants have been so unjustly enriched.

## FOURTEENTH CLAIM FOR RELIEF

(For Equitable Indemnity Against the APTC Defendants)

71. Plaintiffs incorporate by reference Paragraphs 1 to 24 of this First Amended Complaint as though fully set forth herein.

72. Plaintiffs are entitled to equitable indemnity from the APTC Defendants for all costs and expenses incurred by them to investigate and remediate releases of Dry Cleaning Chemicals at or from the APTC Premises and for all such costs and expenses that they may incur in the future.

## FIFTEENTH CLAIM FOR RELIEF

(For Declaratory Relief Against All Defendants)

73. Plaintiffs incorporate by reference Paragraphs 1 to 24, 43, 44, 46, 48, 51, 53, 54, 56, 57, 59 to 63, 65 to 67, 69 and 70 of this First Amended Complaint as though fully set forth herein.

74. An actual controversy and dispute exist between Plaintiffs, on the one hand, and

Defendants, on the other hand, with respect to Defendants' respective liability to Plaintiffs under the terms of the 1968 Lease, the 1982 Lease and/or the Guaranty with respect to responsibility for releases of Dry Cleaning Chemicals at and from the APTC Premises, the Investigation and costs and expenses (including attorney's fees and costs) which Plaintiffs has incurred or may incur on account of such releases. Plaintiffs contend, as set forth in this First Amended Complaint, that Defendants are liable and responsible for such releases and are obligated to reimburse them for costs incurred in the Investigation and to undertake responsibility and assume liability (including liability to third parties) for and arising out of such releases. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants disputes and denies Plaintiffs' contentions, as set forth in this First Amended Complaint, and also disputes and denies that Plaintiffs are entitled to any recovery or relief from him or it.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. On the First Claim for Relief, for recovery from the APTC Defendants of all costs of response incurred by Plaintiffs with respect to the Site pursuant to Section 107 of CERCLA, 42 U.S.C. Section 9607;

2. On the Second Claim for Relief, for contribution from the APTC Defendants of costs of response incurred by Plaintiffs with respect to the Site under Section 113(f) of CERCLA, 42 U.S.C. Section 9613(f);

3. On the Third Claim for Relief, for declaratory relief in accordance with Plaintiffs' contentions and providing that the APTC Defendant are obligated to pay any costs of response with respect to the Site which Plaintiffs may incur in the future;

4. On the Fourth Claim for Relief, for injunctive relief under RCRA requiring the APTC Defendants to address the imminent and substantial endangerment caused by the release or threatened release of Dry Cleaning Chemicals at and from the APTC Premises and for the recovery of attorney's fees;

5. On the Fifth Claim for Relief, for damages from the APTC Defendants according to proof and pursuant to the terms of the 1968 Lease and for recovery of reasonable attorney's

1  fees and costs pursuant to the terms of the 1968 Lease;

2  6. On the Sixth Claim for Relief, for a judgment directing the APTC Defendants to indemnify and hold harmless Plaintiffs in accordance with the terms of the 1968 Lease and for recovery of reasonable attorney's fees and costs pursuant to the terms of the 1968 Lease;

7. On the Seventh Claim for Relief, for damages from the APTC Defendants according to proof and pursuant to the terms of the 1982 Lease and for recovery of reasonable attorney's fees and costs pursuant to the terms of the 1982 Lease;

8. On the Eighth Claim for Relief, for a judgment directing the APTC Defendants to indemnify Plaintiffs in accordance with the terms of the 1982 Lease and for recovery of reasonable attorney's fees and costs pursuant to the terms of the 1982 Lease;

9. On the Ninth Claim for Relief, for damages from the Guarantor Defendants for breach of the Guaranty in any amount according to proof and for recovery of reasonable attorney's fees and costs pursuant to the terms of the Guaranty and the 1982 Lease;

10. On the Tenth to Twelfth Claims for Relief, for damages according to proof against the APTC Defendants and, in addition, on the Eleventh Claim for Relief, for an order requiring such Defendants to abate a nuisance and, on the Twelfth Claim for Relief for an order requiring such Defendants to abate a trespass;

11. On the Thirteenth Claim for Relief, for recovery against Defendants in an amount according to proof, for and on account of the amount by which Defendants have been unjustly enriched;

12. On the Fourteenth Claim for Relief, for a judicial declaration that Plaintiffs are entitled to equitable indemnity from the APTC Defendants for and on account any liability that they may have with respect to releases of Dry Cleaning Chemicals at or from the APTC Premises;

13. On the Fifteenth Claim for Relief, for declaratory relief in accordance with Plaintiffs' contentions and for recovery of reasonable attorney's fees and costs pursuant to the terms of the 1968 Lease and the 1982 Lease; and

///

14. On all Claims for Relief, for an award of costs and for such other and further relief as the court deems just and proper.

DATED: October 3rd, 2003

Respectfully submitted,

JOHN F. CERMAK, JR. (Bar No. 146799)
SONJA A. INGLIN (Bar No. 90799)
JENKENS & GILCHRIST, LLP

By: _____
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
Attorneys for Plaintiffs

RICHARD J. POCKER.(Bar No. 3568)
DOUGLASS A. MITHCELL,( Bar No. 3775)
DICKERSON, DICKERSON,
CONSUL & POCKER

DATED: October 3rd, 2003

By: _____
777 N. Rainbow Blvd., Suite 350
Las Vegas, Nevada 89107
Attorneys for Plaintiffs