NEIL J. BELLER (Bar No. 2360)
LAW OFFICES OF NEIL J. BELLER, ESQ.
7408 W. Sahara Avenue
Las Vegas, NV 89101
Telephone No. (702) 368-7767
Facsimile Transmission No. (702) 368-7720

JEFFREY T. OBERMAN (Bar No. 036093)
LEVIN & OBERMAN
345 N. Maple Dr.
Suite 294
Beverly Hills, CA. 90210-3855
Telephone No. (310) 247-4590
Facsimile Transmission No. (310) 777-8754

Attorney for Defendants MELVIN SHAPIRO, Individually, and doing business as or as General Partner of "Al Phillips The Cleaner" or Al Phillips The Cleaner, Inc."; SHAPIRO BROS. INVESTMENT CORP, a dissolved Nevada corporation

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
2004 MAR -1 A 9:50
US DISTRICT COURT
DISTRICT OF NEVADA
BY DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CV-S-02-1218-LDG-RJJ

MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY, a Nevada limited liability company, and IRWIN KISHNER, JERRY ENGEL and BANK OF AMERICA N.A., as Co-Trustees of the HERMAN KISHNER TRUST,

Plaintiffs,

vs.

AL PHILLIPS THE CLEANER, INC., a Nevada corporation, MELVIN SHAPIRO and PHILIP SHAPIRO, individually and doing business individually and/or as a general partner of "Al Phillips The Cleaner" or "Al Phillips The Cleaner, Inc.," SHAPIRO BROS. INVESTMENT CORP., a dissolved Nevada corporation, DCI USA, INC., a Nevada corporation,

Defendants.

**ANSWER TO COMPLAINT BY DEFENDANT MELVIN SHAPIRO, INDIVIDUALLY, AND DOING BUSINESS INDIVIDUALLY OR AS GENERAL PARTNER OF "AL PHILLIPS, THE CLEANERS" OR AL PHILLIPS, THE CLEANERS, INC."**

**ANSWER BY DEFENDANT MELVIN SHAPIRO, INDIVIDUALLY, TO CROSS CLAIM OF CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA,**

**AND CROSS-CLAIM BY DEFENDANT MELVIN SHAPIRO, INDIVIDUALLY, AGAINST CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA**

**JURY DEMANDED**

26/27



ORIGINAL

Defendant MELVIN SHAPIRO, individually, and doing business individually and/or as a general partner of "Phillips The Cleaner" or Al Phillips The Cleaner, Inc., (hereinafter "SHAPIRO") answers the First Amended Complaint filed by Plaintiffs Maryland Square Shopping Center Limited Liability Company, a Nevada limited liability company, and Irwin Kishner, Jerry Engel and Bank Of America N. A., as Co-Trustees of the Herman Kishner Trust, as follows:

**ANSWER**

**JURISDICTION**

1. Defendant Shapiro admits the allegations of paragraph 1 of the First Amended Complaint.

2. Defendant Shapiro admits the allegations of paragraph 2 of the First Amended Complaint.

**PARTIES**

3. Defendant Shapiro is without information sufficient to form a belief as to the allegations of paragraph 3 of the First Amended Complaint and denies such allegations on that basis.

4. Defendant Shapiro is without information sufficient to form a belief as to the allegations of paragraph 4 of the First Amended Complaint and denies such allegations on that basis.

5. Defendant Shapiro admits the allegations of paragraph 5 of the First Amended Complaint.

6. Defendant Shapiro admits that he is a resident of the State of Nevada. Defendant Phillip Shapiro is deceased, having died on August 11, 1999. Defendant denies, generally and

specifically, each and every other allegation of paragraph 6 of the First Amended Complaint, including but not limited to the allegation that he and/or Phillip Shapiro at any time conducted business individually and/or as a general partnership under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc.", or any other similar name.

7. Defendant Shapiro is without information sufficient to form a belief as to the allegations of paragraph 7 of the First Amended Complaint and deny such allegations on that basis.

8. In answer to the allegations of paragraph 8 of the First Amended Complaint, Defendant Shapiro admits that SHAPIRO BROS. INVESTMENT CORP. ("SBIC") was a corporation formed under the laws of the State of Nevada in or about 1972 and that it was dissolved in 1984. Defendant Shapiro denies each and every other allegation of paragraph 8 of the First Amended Complaint, including but not limited to the allegations that SBIC conducted business under the "fictitious names "Al Phillips the Cleaner" and/or Al Phillips The Cleaner, Inc.", and that Defendants Melvin Shapiro and/or Philip Shapiro each assumed or is otherwise the successor to and liable for the obligations and liabilities of SBIC.

9. Defendant Shapiro is without information sufficient to form a belief as to the allegations of paragraph 9 of the First Amended Complaint and deny such allegations on that basis.

10. Defendant Shapiro admits the allegations of paragraph 10 of the First Amended Complaint.

11. Defendant Shapiro admits the allegations of paragraph 11 of the First Amended Complaint.

**LEASE AND OCCUPANCY OF THE PREMISES**

12. In answer to the allegations of paragraph 12 of the First Amended Complaint, Defendant Shapiro admits that Al Phillips The Cleaner, Inc., and Shapiro Brothers Investment Corp, a dissolved Nevada corporation, ("SBIC") occupied certain premises within the Maryland Square Property and conducted a dry cleaning business thereon, but Shapiro denies, generally and specifically, each and every other allegation of said paragraph, including but not limited to the allegations that Melvin Shapiro and Philip Shapiro ever occupied certain premises within the Maryland Square Property and/or operated a dry cleaning business on the Maryland Square Property.

13. In answer to the allegations of paragraph 13 of the First Amended Complaint, Defendant Shapiro admits so much of paragraph 13 that begins on line 22 with the word "In" and ends on line 26 with the year "1981." Defendant Shapiro admits that SBIC at some time occupied the APTC Premises, but the dates of such occupancy by SBIC is at present unknown to Defendant Shapiro. Defendant Shapiro denies each and every other allegation of paragraph 13 of the First Amended Complaint.

14. In answer to the allegations of paragraph 14 of the First Amended Complaint, Defendant Shapiro admits that Al Phillips the Cleaner, Inc., made and entered into a lease agreement with the Plaintiffs, or their predecessor in interest, in 1968, but denies each and every other allegation of said paragraph.

15. In answer to the allegations of paragraph 15 of the First Amended Complaint, Defendant Shapiro admits that Al Phillips the Cleaner, Inc., made and entered into a lease agreement with the Plaintiffs, or their predecessor in interest, in 1982, that on or about SBIC assigned its rights and obligations under the lease to the Johnson Group, Inc., and in

consideration of the lessor of the ATP property consenting to the assignment Melvin Shapiro guaranteed obligations of the lessee under the lease under certain conditions, but denies each and every other allegation of said paragraph.

16. In answer to the allegations of paragraph 16 of the First Amended Complaint, Defendant Shapiro admits that Al Phillips the Cleaner, Inc., made and entered into a lease agreement with the Plaintiffs, or their predecessor in interest, in 1982, that Al Phillips the Cleaner, Inc., and SBIC at sometime were in possession of the ATPC Premises, but denies each and every other allegation of said paragraph.

17. Defendant Shapiro lacks information sufficient to form a belief as to the allegations of paragraph 17 of the First Amended Complaint and denies such allegation on that basis.

18. Defendant Shapiro lacks information sufficient to form a belief as to the allegations of paragraph 18 of the First Amended Complaint and denies such allegation on that basis.

**PLAINTIFF'S INVESTIGATION OF THE MARYLAND SQUARE PROPERTY**

19. Defendant Shapiro admits that Plaintiffs have conducted an investigation of the property. Except as expressly admitted, Defendant Shapiro lacks information sufficient to form a belief as to the remaining allegations of paragraph 19 of the First Amended Complaint and deny such allegations on that basis.

20. Defendant Shapiro lacks information sufficient to form a belief as to the allegations of paragraph 20 of the First Amended Complaint and deny such allegations on that basis.

21. Defendant Shapiro admits that Al Phillips the Cleaner, Inc., and SBIC used PCE in their dry cleaning operations, but denies each and every other allegation of paragraph 21 of the First Amended Complaint.

22. Defendant Shapiro lacks information sufficient to form a belief as to the allegations of paragraph 22 of the First Amended Complaint and deny such allegations on that basis.

23. In answer to the allegations of Paragraph 23 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 23 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

24. Defendant Shapiro lacks information sufficient to form a belief as to the allegations of paragraph 24 and denies such allegation on that basis.

**<u>DEFENDANT SHAPIRO'S ANSWER TO FIRST CLAIM FOR RELIEF</u>**

(For Cost Recovery Under Section 107 of CERCLA Against the APTC Defendants)

25. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

26. Defendant Shapiro admits the allegations of paragraph 26 of the First Amended Complaint.

27. In answer to the allegations of paragraph 27 of the First Amended Complaint, Defendant Shapiro has no information or belief and upon that ground denies the allegations of said paragraph.

28. In answer to the allegations of paragraph 28 of the First Amended Complaint, Defendant Shapiro has no information or belief and upon that ground denies the allegations of said paragraph.

29. In answer to the allegations of Paragraph 29 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 29 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

30. In answer to the allegations of paragraph 30 of the First Amended Complaint Defendant Shapiro lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

31. In answer to the allegations of paragraph 31 of the First Amended Complaint, Defendant Shapiro lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

32. In answer to the allegations of paragraph 32 of the First Amended Compliant, Defendant Shapiro has no information and belief and upon that ground denies each and every allegation of paragraph 32.

**DEFENDANT SHAPIRO'S ANSWER TO SECOND CLAIM FOR RELIEF**

(For Contribution Under Section 113(f) of CERCLA Against the AFTP Defendants)

33. Defendant Shapiro incorporates herein by reference his answers to the allegations of paragraphs 1 to 24, 26 to 32 of the First Amended Complaint.

34. In answer to the allegations of Paragraph 34 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph.

With regard to the allegations of Paragraph 34 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

**DEFENDANT SHAPIRO'S ANSWER TO THIRD CLAIM FOR RELIEF**

(For Declaratory Relief Under "CERCLA" Against the APTC Defendants)

35. Defendant Shapiro incorporates herein by reference his answers to the allegations of paragraph 1 to 24, 26 to 32, and 34 of the First Amended Complaint.

36. Defendant Shapiro admits the allegations of Paragraph 36 of the First Amended Complaint.

**DEFENDANT SHAPIRO'S ANSWER TO FOURTH CLAIM FOR RELIEF**

(For Injunctive and Other Relief Under Section 7002 of RCRA Against the AFTP Defendants)

37. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

38. Defendant Shapiro admits the allegations of paragraph 38 of the First Amended Complaint.

39. In answer to the allegations of Paragraph 39 of the First Amended Complaint, as to Defendant Shapiro, Defendant admits that SBIC was in possession of the APTC Premises, but Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 39 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

40. In answer to the allegations of Paragraph 40 of the First Amended Complaint, Defendant Shapiro lacks information sufficient form a belief nod on that ground denies each and every allegation of said paragraph.

41. In answer to the allegations of Paragraph 41 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 41 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

**DEFENDANT SHAPIRO'S ANSWER TO FIFTH CLAIM FOR RELIEF**

(For Breach of the 1968 Lease Against the APTC Defendants)

42. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

43. In answer to the allegations of Paragraph 43 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 43 of the First Amended Complaint as to other Defendants, Defendant Shapiro lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

44. In answer to the allegations of Paragraph 44 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 44 of the First Amended Complaint as to other Defendants, Defendant Shapiro lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

**DEFENDANT SHAPIRO'S ANSWER TO SIXTH CLAIM FOR RELIEF**

(For Indemnity Under the 1968 Lease Against the APTC Defendants)

45. Defendant Shapiro incorporates by reference his answers to paragraphs 1 through 24, 43 and 44 of the First Amended Complaint.

46. In answer to the allegations of Paragraph 46 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 46 of the First Amended Complaint as to other Defendants, Defendant Shapiro lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

**DEFENDANT SHAPIRO'S ANSWER TO SEVENTH CLAIM FOR RELIEF**

(For Breach of the 1982 Lease Against the APTC Defendants)

47. Defendant Shapiro incorporates by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

48. In answer to the allegations of Paragraph 48 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 48 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

49. Defendant Shapiro denies the allegations of paragraph 49 of the First Amended Complaint.

**DEFENDANT SHAPIRO'S ANSWER TO EIGHTH CLAIM FOR RELIEF**

(For Indemnity Under the 1982 Lease Against the APTC Defendants)

50. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 to 24, 48 and 49 of the First Amended Complaint.

51. Defendant Shapiro denies each and every allegation of paragraph 51 of the First Amended Complaint.

**DEFENDANT SHAPIRO'S ANSWER TO NINTH CLAIM FOR RELIEF**

(For Breach of Guaranty Against the Guarantor Defendants)

52. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 to 24, 48, 49 and 51 of the First Amended Complaint.

53. In answer to the allegations of paragraph 53 of the First Amended Complaint, Defendant Shapiro admits that it made and executed a Guaranty for the benefit of the Plaintiffs or their predecessors in interest, but denies each and very other allegation of said paragraph.

54. In answer to the allegations of paragraph 54 of the First Amended Complaint, Defendant Shapiro admits that it denies liability to the Plaintiffs under the terms of the Guaranty, but denies each and every other allegation of said paragraph.

**DEFENDANT SHAPIRO'S ANSWER TO TENTH CLAIM FOR RELIEF**

(For Negligence Against the APTC Defendants)

55. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

56. In answer to the allegations of Paragraph 56 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 56 of the First Amended Complaint as to other

Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

57. In answer to the allegations of Paragraph 57 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 57 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

**DEFENDANT SHAPIRO'S ANSWER TO ELEVENTH CLAIM FOR RELIEF**

(For Private Nuisance Against the APTC Defendants)

58. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

59. In answer to the allegations of Paragraph 59 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 59 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

60. In answer to the allegations of Paragraph 60 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 60 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

61. In answer to the allegations of Paragraph 61 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph.

With regard to the allegations of Paragraph 61 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

62. In answer to the allegations of Paragraph 62 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 62 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

63. In answer to the allegations of Paragraph 63 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 63 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

## DEFENDANT SHAPIRO'S ANSWER TO TWELFTH CLAIM FOR RELIEF

(For Trespass Against the APTC Defendant)

64. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

65. In answer to the allegations of Paragraph 65 of the First Amended Complaint, Defendant Shapiro lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

66. In answer to the allegations of Paragraph 66 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 66 of the First Amended Complaint as to other

Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

67. In answer to the allegations of Paragraph 67 of the First Amended Complaint, as to Defendant Shapiro, Defendant Shapiro denies each and every allegation of said paragraph. With regard to the allegations of Paragraph 67 of the First Amended Complaint as to other Defendants, Defendant lacks information sufficient to form a belief as to the allegations and on that ground denies each and every other allegation of said paragraph.

**DEFENDANT SHAPIRO'S ANSWER TO THIRTEENTH CLAIM FOR RELIEF**

(For Unjust Enrichment Against all Defendants)

68. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

69. Defendant Shapiro denies each and every allegation of paragraph 69 of the First Amended Complaint.

70. Defendant Shapiro denies each and every allegation of paragraph 70 of the First Amended Complaint.

**DEFENDANT SHAPIRO'S ANSWER TO FOURTEENTH CLAIM FOR RELIEF**

(For Equitable Indemnity Against the APTC Defendants)

71. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 through 24 of the First Amended Complaint.

72. Defendant Shapiro denies each and every allegation in paragraph 72 of the First Amended Complaint.

**DEFENDANT SHAPIRO'S ANSWER TO FIFTEENTH CLAIM FOR RELIEF**

(For Declaratory Relief Against All Defendants)

73. Defendant Shapiro incorporates herein by reference his answers to paragraphs 1 to 24, 433, 44, 46, 48, 51, 53, 54, 56, 57, 59 to 63 and 70 of the First Amended Complaint

74. Defendant Shapiro admits the allegations of paragraph 74 of the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses to the allegations of the First Amended Complaint of Plaintiff, Defendant Shapiro alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs' First Amended Complaint, and each of the claims for relief set forth therein, fail to state a claim upon which relief can be granted against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, because any alleged damages were caused by the acts or omissions of persons other than this answering Defendant.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, because Plaintiffs themselves were negligent or Plaintiffs' acts or omissions otherwise contributed to the alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, by the doctrine of assumption of risk.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, because this answering Defendant at no time occupied the subject property.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, because Defendants actions of which Plaintiffs complain were in good faith compliance with all laws and regulations or were directed by federal, state and/or local governments.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, because Plaintiffs have failed to mitigate damages.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, based upon the common law are barred, in whole or in part, because they are preempted by state or federal law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, are barred, in whole or in part, because Plaintiffs do not have standing to bring suit under the statutes cited by Plaintiffs, and because the statutes cited provide no cause of action or claim for relief for the alleged damages of which Plaintiffs complain.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, based upon the purported Guaranty made by Defendant Shapiro are barred, in whole or in part, because of the following :

a. The Guaranty was a limited guaranty.

b. No notice of assignment of the Guaranty was given to Defendant Shapiro and this answering Defendant did not consent to any purported assignment of the Guaranty.

c. Defendant Shapiro has been informed and believes that the obligation guaranteed by Defendant Shapiro was renewed, compromised, extended, accelerated, or otherwise changed without his consent.

d. For other facts at present unknown to Defendant Shapiro, but Defendant Shapiro will seek leave of court to amend this affirmative defense when the additional facts become known to Defendant Shapiro.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's First Amended Complaint, and each of the claims for relief set forth therein, against Defendant SBIC or Defendant Shapiro are barred by NRS §78.585.

## PRAYERS FOR RELIEF

WHEREFORE, Defendant Shapiro, for himself and himself alone, prays for relief as follows:

1. That Plaintiffs' take nothing by their First Amended Complaint, or any claim set forth therein.

2. That Plaintiffs' request for declaratory relief be denied.

3. That Plaintiffs' injunctive relief be denied.

4. That judgment be entered in favor of this answering Defendant.

5. That Plaintiffs' claims be dismissed with prejudice.

6. That this answering Defendant be awarded his costs and attorney fees, and

7. That this answering Defendant be awarded such other and further relief that the Court deems just and proper.

## ANSWER TO CROSS-CLAIM OF DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA, INC., AGAINST CO-DEFENDANTS SHAPIRO BROS. INVESTMENT CORP, MELVIN SHAPIRO AND PHILIP SHAPIRO

Defendant MELVIN SHAPIRO (hereinafter "SHAPIRO") answers the Cross-Claim of Defendants Al Phillips the Cleaner, Inc., and DCI USA, Inc., as follows:

## ANSWER TO CROSS-CLAIM

## JURISDICTION

1. Defendant Shapiro admits the allegations of paragraph 1 of the Cross-Claim.

2. In answer to the allegations of paragraph 2 of the Cross-Claim, Defendant Shapiro admits that the Court has personal jurisdiction over Defendant Shapiro, but denies each and every other allegation of said paragraph.

3. In answer to the allegations of paragraph 3 of the Cross Claim, Defendant Shapiro admits that the Venue in this District is proper, but denies each and every other allegation of said paragraph.

## PARTIES

4. In answer to the allegations of Paragraph 4 of the Cross-Claim, Defendant Shapiro does lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

5. In answer to the allegations of Paragraph 5 of the Cross-Claim, Defendant Shapiro does lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

6. Defendant Shapiro admits the allegations of Paragraph 6 of the Cross-Claim.

7. In answer to the allegations of Paragraph 7 of the Cross-Claim, Defendant Shapiro admits that he is a resident of the State of Nevada and that Philip Shapiro until his death on August 11, 1999, was a resident of the State of Nevada. Defendant Shapiro denies each and every other allegation in said paragraph.

## FACTUAL BACKGROUND

8. In answer to the allegations of Paragraph 8 of the Cross-Claim, Defendant Shapiro admits that Al Phillips the Cleaner, Inc., a Nevada corporation, in approximately 1969 commenced operating a laundry and dry cleaning business and that one of the locations was within a shopping center commonly known as 3651 to 3681 South Maryland Parkway, Las Vegas, Nevada (the "Maryland Square Property") but denies each and every other allegation of said paragraph.

9. In answer to the allegations of Paragraph 9 of the Cross-Claim, Defendant Shapiro admits that Al Phillips the Cleaner, Inc., a Nevada corporation, made and entered into a lease agreement with Plaintiffs and/or Plaintiffs predecessors in 1968, and that Al Phillips the Cleaner, Inc., a Nevada corporation, made and entered into a 1982 lease with Plaintiffs and/or Plaintiff's predecessor in interest. Defendant Shapiro denies each and every other allegation of paragraph 9 of the Cross-Claim.

10. Defendant Shapiro admits the allegations of paragraph 10 of the Cross-Claim.

11. In answer to the allegations of paragraph 11 of the Cross-Claim, Defendant Shapiro admits that he made and executed a guaranty of the lease for the benefit of Plaintiff in 1984, but denies each and every other allegation of paragraph 11 of the Cross-Claim.

12. In answer to the allegations of paragraph 12 of the Cross-Claim, Defendant Shapiro admits the Asset Purchase Agreement by and between Defendant SBIC, as Seller, and the Johnson Group, as Buyer, stated as follows:

> **"10 * * * Buyer does not assume any other liabilities of any nature of any kind <u>whatsoever except as specifically set forth in Paragraph 1, clauses 1.4, 1.6 and 1.8 of this Agreement."</u>**

**1.6 All of Seller's right, title and interest in the existing leases enumerated on Exhibit "C", which shall be assumed by Buyer, copies of which Leases have been previously delivered to and examined by Buyer, the agreed excess value of such leases being set forth on such Exhibit; [Included in the list is the Maryland Parkway Store]**

6.10 [Warranties and Representations of Seller] Seller has conducted and is now conducting its business in a manner that to the best of Seller's knowledge and belief is not in violation of the rights of any other person or in violation of any law or regulation and, in particular, to the best of its knowledge and belief, the use of the Premises is not and, immediately prior to the Closing will not be, in violation of any law, statute, ordinance or order, rule, regulation or requirement of any governmental body, or authority existing at the date hereof.

**From the wording of paragraph 10, The Johnson Group assumed the liabilities of the Maryland Park Lease. Paragraph 1.6 referred to the transfer of all right, title and interest in the leases to The Johnson Group.** Paragraph 6.10 was SBIC's representation and warranty as to the use of the Premises. The Premises are defined as all of the locations as set forth in Exhibit "A", which included the Maryland Parkways store. In August 1984, to the best of SBIC's knowledge and belief its operations did not violate any environmental laws. Except as specifically set forth aforesaid, Defendant Shapiro denies the allegations of paragraph 12 of the Cross-Claim.

13. Defendant admits the allegation of paragraph 13 of the Cross Claim.

14. Defendant admits the allegation of paragraph 14 of the Cross Claim as to the date

of the filing of the First Amended Complaint, but incorporates herein by reference his answer to the First Amended Complaint and the affirmative defenses set forth therein.

**FIRST CAUSE OF ACTION**

(For Partial Equitable Indemnity)

15. Defendant Shapiro incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of his answer to the Cross-Claim.

16. Defendant Shapiro denies the allegations of paragraph 16 of the Cross-Claim.

17. Defendant Shapiro denies the allegations of paragraph 17 of the Cross-Claim.

18. Defendant Shapiro denies the allegations of paragraph 18 of the Cross-Claim.

19. Defendant Shapiro denies the allegations of paragraph 19 of the Cross-Claim.

**SECOND CAUSE OF ACTION**

(For Total Equitable Indemnity)

20. Defendant Shapiro incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of his answer to the Cross-Claim.

21. Defendant Shapiro denies the allegations of paragraph 21 of the Cross-Claim.

22. Defendant Shapiro denies the allegations of paragraph 22 of the Cross-Claim.

23. Defendant Shapiro denies the allegations of paragraph 23 of the Cross-Claim.

**THIRD CAUSE OF ACTION**

(For Contractual Indemnity)

24. Defendant Shapiro incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of his answer to the Cross-Claim.

25. Defendant Shapiro admits that SBIC, as Seller, and the Johnson Group, as Buyer, entered into an Asset Purchase Agreement on or about August 31, 1984, but denies each and every other allegation of said paragraph.

26. In answer to paragraph 26 of the Cross-Claim Defendant Shapiro admits that as an accommodation to the Johnson Group Defendant Shapiro entered into a guaranty with Plaintiffs, or their predecessor in interest, on or about August 31, 1984, but denies each and every other allegation of said paragraph.

27. Defendant Shapiro denies the allegations of paragraph 27 of the Cross-Claim.

28. In answer to the allegations of paragraph 28 of the Cross-Claim Defendant Shapiro lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

29. Defendant Shapiro denies the allegations of paragraph 29 of the Cross-Claim.

30. Defendant Shapiro admits that the Asset Purchase Agreement has a provision for payment of attorney fees and costs, but denies each and every other allegation of said paragraph.

31. Defendant Shapiro denies the allegations of paragraph 31 of the Cross-Claim.

32. Defendant Shapiro denies the allegations of paragraph 32 of the Cross-Claim.

33. Defendant Shapiro denies the allegations of paragraph 33 of the Cross-Claim.

## FOURTH CAUSE OF ACTION

(For Declaratory Relief Against All Cross-Defendants)

34. Defendant Shapiro incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of his answer to the Cross-Claim.

35. Defendant Shapiro admits the allegations of paragraph 35 of the Cross-Claim.

36. Defendant Shapiro admits the allegations of paragraph 36 of the Cross-Claim.

37. Defendant Shapiro denies the allegations of paragraph 37 of the Cross-Claim.

38. In answer to the allegations of paragraph 38 of the Cross-Claim Defendant Shapiro lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the allegations of the Cross-Claim, Defendant Shapiro alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Defendants' Cross-Claim, and each of the claims for relief set forth therein, fails to state a claim upon which relief can be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants' Cross-Claim, and each of the claims for relief set forth therein, is barred, in whole or in part, because any alleged damages were caused by the acts or omissions of persons other than this answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, because Cross-Claiming Defendants themselves were negligent or Cross-Claiming Defendants' acts or omissions otherwise contributed to the alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant's Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, by the doctrine of assumption of risk.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, because this answering Defendant at no time occupied the subject property.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, because this answering Defendant's actions of which Cross Claiming Defendants complain were in good faith compliance with all laws and regulations or were directed by federal, state and/or local governments.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, because the Cross-Claiming Defendants have failed to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

12. Defendants' Cross-Claim, and each of the claims for relief set forth therein, based upon the common law are barred, in whole or in part, because they are preempted by state or federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, because the Cross-Claiming Defendants do not have standing to bring suit under the statutes cited by the Cross-Claiming Defendants, and because the statutes cited provide no cause of action or claim for relief for the alleged damages of which Cross-Claming Defendants complain.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants' Cross-Claims, and each of the claims for relief set forth therein, based upon the purported Guaranty made by Defendant Shapiro are barred, in whole or in part, because of the following :

a. The Guaranty was a limited guaranty.

b. No notice of assignment of the Guaranty was given to Defendant Shapiro and this answering Defendant did not consent to any purported assignment of the Guaranty.

c. Defendant Shapiro has been informed and believes that the obligation guaranteed by Defendant Shapiro was renewed, compromised, extended, accelerated, or otherwise changed without his consent.

d. For other facts at present unknown to Defendant Shapiro, but Defendant Shapiro will seek leave of court to amend this affirmative defense when the additional facts become known to Defendant Shapiro.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Defendants' Cross Claim, and each of the claims for relief set forth therein, against Defendant SBIC or Defendant Shapiro are barred by NRS §78.585.

**PRAYERS FOR RELIEF**

WHEREFORE, Defendant Shapiro, for himself and himself alone, prays for relief on the Cross-Claim as follows:

1. That Defendants' take nothing by their Cross-Claim, or any claim set forth therein.

2. That Defendants' request for declaratory relief be denied.

3. That judgment be entered in favor of this answering Defendant.

4. That Defendants' claims be dismissed with prejudice.

5. That this answering Defendant be awarded his costs and attorney fees, and

6. That this answering Defendant be awarded such other and further relief that the Court deems just and proper.

## CROSS-CLAIM BY DEFENDANT MELVIN SHAPIRO AGAINST CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA, INC

In further response to the First Amended Complaint filed by plaintiffs MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY and IRWIN KISHNER, JERRY ENGEL and BANK OF AMERICA N.A., as Co-Trustees of the HERMAN KISHNER TRUST (collectively "Plaintiffs") defendant MELVIN SHAPIRO hereby cross-claims against co-defendants AL PHILLIPS THE CLEANER, INC. ("APTC II") and DCI USA, INC ("DCI") (Collectively "Cross Defendants") as follows:

## THE PARTIES

1. Defendant MELVIN SHAPIRO is a resident of Clark County, State of Nevada.

2. Defendant MELVIN SHAPIRO is informed and believes and on such information and belief alleges that Defendant DCI is a corporation organized and existing under the laws of the State of Nevada and is the successor by name change and merger to Johnson Group, Inc. ("JGI"), a corporation which was organized and existing under the laws of the State of Ohio.

3. Defendant MELVIN SHAPIRO is informed and believes and on such information and belief alleges that APTC II is a corporation organized under the laws of the State of Nevada, and is a wholly owned subsidiary of DCI.

4. Defendant MELVIN SHAPIRO is informed and believes on such information and belief alleges that APTC II owns and operates a number of laundry and dry cleaning locations in and around Las Vegas, Nevada.

## STATEMENT OF FACTS

5. In approximately 1969, Al Phillips the Cleaner, Inc., began operating a laundry and dry cleaning business within a shopping center commonly known as 3651 to 2681 South

Maryland Parkway, Las Vegas, Nevada ("the Maryland Square Property"). Al Phillips the Cleaner, Inc., is hereinafter referred to as APT I.

6. The shareholders, officers and directors of APT I were Defendant MELVIN SHAPIRO and Phil Shapiro.

7. Leases for the Maryland Square Property were executed by Plaintiffs, or their predecessors in interest, as lessor, and APT I, as lessee in 1968, and 1982. Neither the 1968 or 1982 leases were personally guaranteed by Defendant MELVIN SHAPIRO or Phil Shapiro.

8. At a time presently unknown to Defendant MELVIN SHAPIRO APT I ceased operations at the Maryland Square Property and through either name change, merger, or other corporate reorganization Defendant Shapiro Brothers Investment Corp. ("SBIC") commenced operating the laundry and dry cleaning business on the Maryland Square Property.

9. Defendant MELVIN SHAPIRO is informed and believes that Defendant SBIC did business at the Maryland Square Property under the name of "Al Phillips the Cleaner, Inc."

10. The shareholders, officers and directors of Defendant SBIC were Defendant MELVIN SHAPIRO and Philip Shapiro.

11. On or about August 31, 1984, Defendant SBIC made and entered into an Asset Purchase Agreement with Defendant DCI's predecessor in interest, The Johnson Group. ("JGI"), wherein the assets of Defendant SBIC were sold to JGI and JGI assumed certain liabilities of Defendant SBIC. Included among the liabilities assumed by JGI in accordance with the Asset Purchase Agreement was the liabilities under the lease for the Maryland Parkway Property.

12. The Asset Purchase Agreement stated as follows:

**"10 * * * Buyer does not assume any other liabilities of any nature of any kind <u>whatsoever except as specifically set forth in Paragraph 1, clauses 1.4, 1.6 and 1.8 of this Agreement."</u>**

**1.7 All of Seller's right, title and interest in the existing leases enumerated on Exhibit "C", which shall be assumed by Buyer, copies of which Leases have been previously delivered to and examined by Buyer, the agreed excess value of such leases being set forth on such Exhibit; [Included in the list is the Maryland Parkway Store]**

6.10 [Warranties and Representations of Seller] Seller has conducted and is now conducting its business in a manner that to the best of Seller's knowledge and belief is not in violation of the rights of any other person or in violation of any law or regulation and, in particular, to the best of its knowledge and belief, the use of the Premises is not and, immediately prior to the Closing will not be, in violation of any law, statute, ordinance or order, rule, regulation or requirement of any governmental body, or authority existing at the date hereof.

13. **From the wording of paragraph 10, The Johnson Group assumed the liabilities of the Maryland Park Lease. Paragraph 1.6 referred to the transfer of all right, title and interest in the leases to The Johnson Group.** Paragraph 6.10 was SBIC's representation and warranty as to the use of the Premises. The Premises are defined as all of the locations as set forth in Exhibit "A", which includes the Maryland Parkways store.

14. In August 1984, to the best of SBIC's knowledge and belief its operations did not violate any environmental laws.

15. In August 1984, as an accommodation to JCI and in order to obtain the consent of Plaintiffs, or their predecessors in interest, as lessor, to the assignment of the Maryland Park Property lease to JCI, Defendant MELVIN SHAPIRO agreed in writing to guaranty the performance by JCI of its obligations, as lessee, under the lease for the Maryland Park Property.

16. Defendant SBIC was dissolved in accordance with the laws of the State of Nevada in 1984 and all debts of Defendant SBIC were paid at the time of dissolution.

17. Defendant Shapiro has previously made demand upon Cross-Defendants to defend this action and to save and hold him harmless from any claim by Plaintiffs. Cross-Defendants have refused to defend this action and to save and hold harmless from any claim by Plaintiffs.

**FIRST CAUSE OF ACTION**

(For Partial Equitable Indemnity)

18. Defendant Shapiro incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of his Cross-Claim.

19. If Defendant Shapiro is found responsible and liable to Plaintiff for any of the allegation contained in the First Amended Complaint, then Defendant Shapiro is informed and believes and on that basis alleges that the acts or omission, in whole or in part, of the Cross-Defendants contributed, in whole or in part, to the alleged environmental contamination and/or other wrongful conduct set forth in the First Amended Complaint.

20. By reason of the foregoing, if Plaintiffs recover judgment against Defendant Melvin Shapiro, then Defendant Melvin Shapiro is entitled to judgment over and against the Cross-Defendants which was incurred by reason of the acts or omissions of the Cross Defendants.

21. Defendant Melvin Shapiro demands that Cross-Defendants acknowledge their responsibility to indemnify Defendant Melvin Shapiro from any liability which may be imposed upon Defendant Melvin Shapiro in connection with the allegations contained in the First Amended Complaint, and demand that Cross-Defendants assume the continued defense of the First Amended Complaint.

39. By reason of the First Amended Complaint and Cross-Defendants' acts and omission, Defendant Shapiro has incurred and will continue to incur expenses in defending himself in this action, including without limitation costs of investigation, court costs and attorneys' fees in an amount presently ascertainable.

**SECOND CAUSE OF ACTION**

(For Total Equitable Indemnity)

22. Defendant Shapiro incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of his Cross-Claim.

23. If Defendant Shapiro is found responsible and liable to Plaintiff for any of the allegation contained in the First Amended Complaint, then Defendant Shapiro is informed and believes and on that basis alleges that such liability will be based solely upon a derivative form of liability imposed upon Defendant Shapiro by law and not by reason of any negligent or otherwise wrongful acts or omissions on the part of Defendant Shapiro, whereas the negligent or otherwise wrongful acts or omissions of Cross Defendants, if any, were active and affirmative and, therefore, Defendant Shapiro is entitled to total equitable indemnification by said Cross Defendants, to the extent that Defendant Shapiro is held liable to Plaintiffs..

24. Defendant Melvin Shapiro demands that Cross-Defendants acknowledge their responsibility to indemnify Defendant Melvin Shapiro from any liability which may be imposed

upon Defendant Melvin Shapiro in connection with the allegations contained in the First Amended Complaint, and demand that Cross-Defendants assume the continued defense of the First Amended Complaint.

25. By reason of the First Amended Complaint and Cross-Defendants' acts and omission, Defendant Shapiro has incurred and will continue to incur expenses in defending himself in this action, including without limitation costs of investigation, court costs and attorneys' fees in an amount presently ascertainable.

**THIRD CAUSE OF ACTION**

(For Contractual Indemnity)

26. Defendant Shapiro incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of his answer to the Cross-Claim.

27. In accordance with the Asset Purchase Agreement, JGI assumed all obligations under the lease agreement, including the environmental contamination alleged in Plaintiffs First Amended Complaint.

28. The Asset Purchase Agreement provides that the prevailing party in any litigation is entitled to recover its costs and attorney's fees.

29. Defendant Shapiro has performed all of his obligations under the Asset Purchase Agreement.

30. Cross-Defendants have breached the Asset Purchase Agreement or any related agreements with Defendant Shapiro, among other things, failing and refusing to indemnify and hold harmless Defendant Shapiro from any liability which may be imposed upon Defendant Shapiro in connection with the allegations contained in the First Amended Complaint and demand that Cross-Defendants assume the continued defense of the First Amended Complaint.

31. Defendant Melvin Shapiro demands that Cross-Defendants acknowledge their responsibility to indemnify Defendant Melvin Shapiro from any liability which may be imposed upon Defendant Melvin Shapiro in connection with the allegations contained in the First Amended Complaint, and demand that Cross-Defendants assume the continued defense of the First Amended Complaint.

32. By reason of the First Amended Complaint and Cross-Defendants' acts and omission, Defendant Shapiro has incurred and will continue to incur expenses in defending himself in this action, including without limitation costs of investigation, court costs and attorneys' fees in an amount presently ascertainable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant MELVIN SHAPIRO prays for relief as follows:

1. For judgment against Cross-Defendants in the proportionate amount of any judgment entered against Defendant Melvin Shapiro that is equal to the proportionate amount of Cross-Defendants negligence or wrongful acts and/or omissions.

2. For judgment against Cross-Defendants in the amount of any judgment entered against Defendant Melvin Shapiro in favor of Plaintiffs.

3. For all allowable costs and reasonable attorney's fees.

4. For all allowable prejudgment and post-judgment interest;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated: February 27, 2004

LAW OFFICES OF NEIL J. BELLER, ESQ.

By [signature]

NEIL J. BELLER
7408 W. Sahara Avenue
Las Vegas, NV 89101
Telephone No. (702) 368-7767
Facsimile Transmission No. (702) 368-7720

JEFFREY T. OBERMAN
LEVIN & OBERMAN
345 N. Maple Dr.
Suite 294
Beverly Hills, CA. 90210-3855
Telephone No. (310) 247-4590
Facsimile Transmission No. (310) 777-8754

Attorneys for Defendant MELVIN SHAPIRO

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 345 N. Maple Drive, Suite 294, Beverly Hills, California 90210-3855.

On February 27, 2004, I served the foregoing documents described as **ANSWER TO COMPLAINT BY DEFENDANT MELVIN SHAPIRO, INDIVIDUALLY, AND DOING BUSINESS INDIVIDUALLY OR AS GENERAL PARTNER OF "AL PHILLIPS, THE CLEANERS" OR AL PHILLIPS, THE CLEANERS, INC." ANSWER BY DEFENDANT MELVIN SHAPIRO, INDIVIDUALLY, TO CROSS CLAIM OF CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA, AND CROSS-CLAIM BY DEFENDANT MELVIN SHAPIRO, INDIVIDUALLY, AGAINST CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA JURY DEMANDED** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

RICHARD J. POCKER
DOUGLASS A. MITCHELL
DICKERSON. DICKERSON,
CONSUL & POCKER
777 North Rainbow Blvd., Suite 350
Las Vegas, NV 89107

Facsimile: (702) 388-0210

JOHN F. CREAK, JR
SONJA INLINE
JENKENS & GILCHRIST, LLP
12100 Wilshire Blvd, 15th Floor
Los Angeles, CA 90025

Facsimile: (310)820-8859
Attorneys for Plaintiffs

JAMES P. C. SILVESTRI (NV Bar No 3603)
PYATT, SILVESTRI & HANLON
201 Las Vegas Boulevard, South Suite 300
Las Vegas, Nevada 89101

Facsimile: (702) 477-0088

MICHAEL W. STEBBINS (CA Bar No. 138326)
TOMLINSON ZISKO LLP
200 Page Mill Road
Palo Alto;,California 94306

Facsimile: (650)324-1808

Attorneys for Defendants
AL PHILLIPS THE CLEANER, INC.
and DCI USA, INC.,

[X ] (BY REGULAR [ ] EXPRESS MAIL): I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

[ ] (BY FEDERAL EXPRESS [ ] AIR COURIER): I caused a courtesy copy of such documents to be delivered by air courier, with next business day service to the counsel for the interested parties.

[ ] (BY PERSONAL SERVICE): I caused such envelope(s) to be delivered by hand to the offices of the addressee as indicated above.

[ } BY VIA FACSIMILE): I caused a true copy thereof sent via facsimile to the telecopier number(s) shown above.

[ ] (STATE) I declare under penalty of perjury that under the laws of the State of California that the above is true and correct.

[ X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 27, 2004, at Beverly Hills, California. Under penalty of perjury under the laws of the State of California I declare the aforesaid to be true and correct.

Mimi Powe

MIMI POWE