ORIGINAL

JAMES P. C. SILVESTRI  (NV Bar No. 3603)
**PYATT, SILVESTRI & HANLON**
201 Las Vegas Boulevard, South Suite 300
Las Vegas, Nevada  89101
Telephone:   (702) 383-6000
Facsimile:    (702) 477-0088

2004 MAR 22  A 11: 22

MICHAEL W. STEBBINS (CA Bar No. 138326)
**TOMLINSON ZISKO LLP**
200 Page Mill Road
Palo Alto, California 94306
Telephone: (650) 325-8666
Facsimile:   (650) 324-1808

Attorneys for Defendants, Cross-Claimants
and Cross-Defendants AL PHILLIPS
THE CLEANER, INC. and DCI USA, INC.,

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CV-S-02-1218-LDG-RJJ

MARYLAND SQUARE SHOPPING
CENTER LIMITED LIABILITY COMPANY,
a Nevada limited liability company, and
IRWIN KISHNER, JERRY ENGEL and
BANK OF AMERICA N.A., as Co-Trustees
of the HERMAN KISHNER TRUST,

Plaintiffs,

vs.

AL PHILLIPS, THE CLEANER, INC., a
Nevada corporation, MELVIN SHAPIRO
and PHILIP SHAPIRO, individually and
doing business individually or as general
partner of "Al Phillips, The Cleaners" or Al
Phillips, the Cleaners, Inc.", SHAPIRO
BROS. INVESTMENT CORP., a dissolved
Nevada corporation, DCI USA, Inc., a
Nevada corporation, and DOES 1 To 200,
inclusive,

Defendants.

**ANSWER OF DEFENDANTS AL PHILLIPS THE CLEANER, INC. AND DCI USA, INC. TO CROSS-CLAIM BY DEFENDANT MELVIN SHAPIRO**

32

1

AND RELATED CROSS-ACTIONS

Defendants AL PHILLIPS THE CLEANER, INC. ("APTC") and DCI USA, INC. ("DCI") (collectively, "Cross-Defendants") hereby respond to the Cross-Claim filed by Defendant and Cross-Claimant MELVIN SHAPIRO ("SHAPIRO" or "Cross-Claimant"), as follows:

## ANSWER

### THE PARTIES

1. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 1 and deny such allegations on that basis.

2. Cross-Defendants admit the allegations of paragraph 2.

3. Cross-Defendants admit the allegations of paragraph 3.

4. Cross-Defendants admit the allegations of paragraph 4.

### STATEMENT OF FACTS

5. Cross-Defendants admit the allegations of paragraph 5.

6. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 6 and deny such allegations on that basis.

7. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 7 and deny such allegations on that basis.

8. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 8 and deny such allegations on that basis.

9. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 9 and deny such allegations on that basis.

///

10. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 10 and deny such allegations on that basis.

11. Cross-Defendants admit that on or about August 31, 1984, Defendant SBIC made and entered into an Asset Purchase Agreement with DCI's predecessor, The Johnson Group ("JGI"). Except as expressly admitted, Cross-Defendants are without information sufficient to form a belief as to the remaining allegations of paragraph 11 and deny such allegations on that basis.

12. Cross-Defendants admit that the following sentences are part of the Asset Purchase Agreement:

> 10. Buyer does not assume any other liabilities of any nature of any kind whatsoever except as specifically set forth in Paragraph 1, clauses 1.4, 1.6, and 1.8 of this Agreement.
>
> 1.6 All of Seller's right, title and interest in the existing leases enumerated on Exhibit "C", which shall be assumed by Buyer, copies of which leases have been previously delivered to and examined by Buyer, the agreed excess value of such leases being set forth on such Exhibit; and,
>
> 6.10 Seller has conducted and is now conducting its business in a manner that to the best of Seller's knowledge and belief is not in violation of the rights of any other person or in violation of any law or regulation and, in particular, to the best of its knowledge and belief, the use of the Premises is not and, immediately prior to the Closing will not be, in violation of any law, statute, ordinance or rule, regulation or requirement of any governmental body, or authority existing at the date hereof;

Except as expressly admitted, Cross-Defendants deny the allegations of paragraph 12.

13. Cross-Defendants deny the allegations of paragraph 13.

///

3

14. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 14 and deny such allegations on that basis.

15. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 15 and deny such allegations on that basis.

16. Cross-Defendants are without information sufficient to form a belief as the allegations of paragraph 16 and deny such allegations on that basis.

17. Cross-Defendants admit the allegations of paragraph 17.

## FIRST CLAIM FOR RELIEF

(For Partial Equitable Indemnity)

18. Cross-Defendants' responses to the allegations of each of the preceding paragraphs are incorporated herein by reference.

19. Cross-Defendants deny the allegations of paragraph 19.

20. Cross-Defendants deny the allegations of paragraph 20.

21. Cross-Defendants deny the allegations of paragraph 21.

39 [sic]. Cross-Defendants lack information sufficient to form a belief as to the allegations of paragraph 39 [sic] and deny such allegations on that basis.

## SECOND CLAIM FOR RELIEF

(For Total Equitable Indemnity)

22. Cross-Defendants' responses to the allegations of each of the preceding paragraphs are incorporated herein by reference.

23. Cross-Defendants deny the allegations of paragraph 23.

24. Cross-Defendants deny the allegations of paragraph 24.

25. Cross-Defendants lack information sufficient to form a belief as to the allegations of paragraph 25 and deny such allegations on that basis.

///

4

## THIRD CLAIM FOR RELIEF

(For Contractual Indemnity)

26. Cross-Defendants' responses to the allegations of each of the preceding paragraphs are incorporated herein by reference.

27. Cross-Defendants deny the allegations of paragraph 27.

28. Cross-Defendants deny the allegations of paragraph 28.

29. Cross-Defendants deny the allegations of paragraph 29.

30. Cross-Defendants deny the allegations of paragraph 30.

31. Cross-Defendants deny the allegations of paragraph 31.

32. Cross-Defendants lack information sufficient to form a belief as to the allegations of paragraph 32 and deny such allegations on that basis.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the allegations of the Cross-Claim, Cross-Defendants alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. SHAPIRO's cross-claim, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. SHAPIRO's claims are barred, in whole or in part, because any alleged damages were caused by the acts or omissions of persons other than Cross-Defendants.

### THIRD AFFIRMATIVE DEFENSE

3. SHAPIRO's claims are barred, in whole or in part, because SHAPIRO himself was negligent or SHAPIRO's acts or omissions otherwise contributed to the alleged damages.

///

### FOURTH AFFIRMATIVE DEFENSE

4. SHAPIRO's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. SHAPIRO's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

### SIXTH AFFIRMATIVE DEFENSE

6. Cross defendants' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7. SHAPIRO's claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

8. SHAPIRO's claims are barred, in whole or in part, by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

9. SHAPIRO's claims are barred, in whole or in part, because Cross-Defendants' actions of which SHAPIRO complains, were in good faith compliance with all laws and regulations or were directed by federal, state and/or local governments.

### TENTH AFFIRMATIVE DEFENSE

10. SHAPIRO's common law claims are barred, in whole or in part, because they are preempted by federal and/or state law.

### ELEVENTH AFFIRMATIVE DEFENSE

11. SHAPIRO's claims are barred, in whole or in part, because he has failed to mitigate his alleged damages, if any.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

12. SHAPIRO's claims are barred, in whole or in part, because any such claims have been extinguished, waived or otherwise relinquished by contract or operation of law.

## PRAYER FOR RELIEF

WHEREFORE, Cross-Defendants pray for relief as follows:

1. That Cross-Claimant's request for indemnity be denied;
2. That judgment be entered in favor of Cross-Defendants;
3. That Cross-Claimant's cross-claims be dismissed with prejudice;
4. That Cross-Defendants be awarded their costs and attorneys' fees; and
5. That Cross-Defendants be awarded such other and further relief that the Court deems just and proper.

Dated: March 19, 2004

TOMLINSON ZISKO LLP

By: /s/ Michael W. Stebbins
MICHAEL W. STEBBINS
200 Page Mill Road
Palo Alto, California 94306
Telephone: (650) 325-8666
Facsimile:  (650) 324-1808

PYATT, SILVESTRI & HANLON
JAMES P. C. SILVESTRI
201 Las Vegas Blvd., South Suite 300
Las Vegas, Nevada 89101
Telephone:  (702) 383-6000
Facsimile:   (702) 477-0088

Attorneys for Defendants, Cross-Claimants and Cross-Defendants
AL PHILLIPS THE CLEANER, INC. and DCI USA, INC.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the ____ day of _____, 2003, I served a true and correct copy of the above and foregoing Answer by depositing same in the United States Mail, first class postage fully prepaid thereon, addressed as follows:

Richard J. Pocker, Esq.
Douglas A. Mitchell, Esq.
DICKERSON, DICKERSON, CONSUL & POCKER
777 No. Rainbow Blvd., Suite 350
Las Vegas, NV 89107

John F. Cermak, Jr. Esq.
Sonia A. Inglin, Esq.
JENKENS & GILCHRIST, LLP
12100 Wilshire Blvd., 15th Fl.
Los Angeles, CA 90025

Jeffrey T. Oberman, Esq.
LEVIN & OBERMAN
345 No. Maple Dr., Suite 294
Beverly Hills, CA 90210

Neil J. Beller, Esq.
7408 w. Sahara Ave.
Las Vegas, NV 89101

_____
An employee of the firm

ANSWER TO COMPLAINT

MWS1841.WPD;1