NEIL J. BELLER   (Bar No. 2360)
LAW OFFICES OF NEIL J. BELLER, ESQ.
7408 W. Sahara Avenue
Las Vegas, NV 89101
Telephone No. (702) 368-7767
Facsimile Transmission No. (702) 368-7720

JEFFREY T. OBERMAN      (Bar No. 036093)
LEVIN & OBERMAN
345 N. Maple Dr.
Suite 294
Beverly Hills, CA. 90210-3855
Telephone No. (310) 247-4590
Facsimile Transmission No. (310) 777-8754

Attorney for Defendants SHAPIRO BROS. INVESTMENT CORP,
Individually, and doing business as or as
General Partner of "Al Phillips The Cleaner" or
Al Phillips The Cleaner, Inc."; SHAPIRO BROS.
INVESTMENT CORP, a dissolved Nevada
corporation

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY, a Nevada limited liability company, and IRWIN KISHNER, JERRY ENGEL and BANK OF AMERICA N.A., as Co-Trustees of the HERMAN KISHNER TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>AL PHILLIPS THE CLEANER, INC., a Nevada corporation, MELVIN SHAPIRO  and PHILIP SHAPIRO, individually and doing business individually and/or as a general partner of "Al Phillips The Cleaner" or "Al Phillips The Cleaner, Inc.," SHAPIRO BROS. INVESTMENT CORP., a dissolved Nevada corporation, DCI USA, INC., a Nevada corporation,<br><br>Defendants. | Case No.: No. CV-S002-1218-RJJ<br><br>**ANSWER BY DEFENDANT SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM OF CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA,**<br><br>**[COMPLAINT HAVING BEEN DISMISSED AS TO DEFENDANT SHAPIRO BROS. INVESTMENT CORP.]**<br><br>**AND CROSS-CLAIM BY DEFENDANT SHAPIRO BROS. INVESTMENT CORP, AGAINST CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA**<br><br>**<u>JURY DEMANDED</u>** |


ORIGINAL

Page 1 of 25

## ANSWER TO CROSS-CLAIM OF DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA, INC., AGAINST CO-DEFENDANTS SHAPIRO BROS.

### INVESTMENT CORP

Defendant SHAPIRO BROS. INVESTMENT CORP (hereinafter "SBIC") answers the Cross-Claim of Defendants Al Phillips the Cleaner, Inc., and DCI USA, Inc., (hereinafter sometimes referred to as "Cross Defendants") as follows:

### JURISDICTION

1.    Defendant SBIC admits the allegations of paragraph 1 of the Cross-Claim.

2.    In answer to the allegations of paragraph 2 of the Cross-Claim, Defendant SBIC submits to the jurisdiction of this court, but denies each and every allegation of said paragraph.

3.    In answer to the allegations of paragraph 3 of the Cross Claim, Defendant SBIC admits that the Venue in this District is proper, but denies each and every allegation of said paragraph.

### PARTIES

4.    In answer to the allegations of Paragraph 4 of the Cross-Claim, Defendant SBIC does lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

5.    In answer to the allegations of Paragraph 5 of the Cross-Claim, Defendant SBIC lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

6.    Defendant SBIC admits the allegations of Paragraph 6 of the Cross-Claim.

7.    In answer to the allegations of Paragraph 7 of the Cross-Claim, Defendant SBIC admits that MELVIN SHAPIRO is a resident of the State of Nevada and that Philip Shapiro until

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

his death on August 11, 1999, was a resident of the State of Nevada. Defendant SBIC denies each and every other allegation in said paragraph.

## FACTUAL BACKGROUND

8.   In answer to the allegations of Paragraph 8 of the Cross-Claim, Defendant SBIC admits that Al Phillips the Cleaner, Inc., a Nevada corporation, in approximately 1969 commenced operating a laundry and dry cleaning business and that one of the locations was within a shopping center commonly known as 3651 to 3681 South Maryland Parkway, Las Vegas, Nevada (the "Maryland Square Property") but denies each and every other allegation of said paragraph.

9.   In answer to the allegations of Paragraph 9 of the Cross-Claim, Defendant SBIC admits that Al Phillips the Cleaner, Inc., a Nevada corporation, made and entered into a lease agreement with Plaintiffs and/or Plaintiffs predecessors in 1968, and that Al Phillips the Cleaner, Inc., a Nevada corporation, made and entered into a 1982 lease with Plaintiffs and/or Plaintiff's predecessor in interest. Defendant SBIC denies each and every other allegation of paragraph 9 of the Cross-Claim.

10.   Defendant SBIC admits the allegations of paragraph 10 of the Cross-Claim.

11.   In answer to the allegations of paragraph 11 of the Cross-Claim, Defendant SBIC admits that Defendant Melvin Shapiro made and executed a guaranty of the lease for the benefit of Plaintiff in 1984, but denies each and every other allegation of paragraph 11 of the Cross-Claim.

12.   In answer to the allegations of paragraph 12 of the Cross-Claim, Defendant SBIC admits the Asset Purchase Agreement by and between Defendant SBIC, as Seller, and the Johnson Group, as Buyer, stated as follows:

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

"10 * * * **Buyer does not assume any other liabilities of any nature of any**

**kind** <u>**whatsoever except as specifically set forth in Paragraph 1, clauses 1.4,**</u>

<u>**1.6 and 1.8 of this Agreement."**</u>

**1.6    All of Seller's right, title and interest in the existing leases enumerated**

**on Exhibit "C", which shall be assumed by Buyer, copies of which Leases**

**have been previously delivered to and examined by Buyer, the agreed excess**

**value of such leases being set forth on such Exhibit; [Included in the list is the**

**Maryland Parkway Store]**

6.10 [Warranties and Representations of Seller] Seller has conducted and is now

conducting its business in a manner that to the best of Seller's knowledge and

belief is not in violation of the rights of any other person or in violation of any

law or regulation and, in particular, to the best of its knowledge and belief, the use

of the Premises is not and, immediately prior to the Closing will not be, in

violation of any law, statute, ordinance or order, rule, regulation or requirement of

any governmental body, or authority existing at the date hereof.

**From the wording of paragraph 10, The Johnson Group assumed the liabilities of**

**the Maryland Park Lease. Paragraph 1.6 referred to the transfer of all right, title and**

**interest   in   the   leases   to   The   Johnson   Group.**     Paragraph   6.10   was

SBIC's representation and warranty as to the use of the Premises.  The Premises are defined as

all of the locations as set forth in Exhibit "A", which included the Maryland Parkways store. In

August 1984, to the best of SBIC's knowledge and belief its operations did not violate any

environmental laws.  Except as specifically set forth aforesaid, Defendant SBIC denies the

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

allegations of paragraph 12 of the Cross-Claim.

13.    Defendant SBIC admits the allegation of paragraph 13 of the Cross Claim.

14.    Defendant SBIC admits the allegation of paragraph 14 of the Cross Claim as to the date of the filing of the First Amended Complaint, but incorporates herein by reference his answer to the First Amended Complaint and the affirmative defenses set forth therein.

## FIRST CAUSE OF ACTION

### (For Partial Equitable Indemnity)

15.    Defendant SBIC incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of its answer to the Cross-Claim.

16.    Defendant SBIC denies the allegations of paragraph 16 of the Cross-Claim.

17.    Defendant SBIC denies the allegations of paragraph 17 of the Cross-Claim.

18.    Defendant SBIC denies the allegations of paragraph 18 of the Cross-Claim.

19.    Defendant SBIC denies the allegations of paragraph 19 of the Cross-Claim.

## SECOND CAUSE OF ACTION

### (For Total Equitable Indemnity)

20.    Defendant SBIC incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of his answer to the Cross-Claim.

21.    Defendant SBIC denies the allegations of paragraph 21 of the Cross-Claim.

22.    Defendant SBIC denies the allegations of paragraph 22 of the Cross-Claim.

23.    Defendant SBIC denies the allegations of paragraph 23 of the Cross-Claim.

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

### THIRD CAUSE OF ACTION

(For Contractual Indemnity)

24.     Defendant SBIC incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of his answer to the Cross-Claim.

25.     Defendant SBIC admits that SBIC, as Seller, and the Johnson Group, as Buyer, entered into an Asset Purchase Agreement on or about August 31, 1984, but denies each and every other allegation of said paragraph.

26.     In answer to paragraph 26 of the Cross-Claim Defendant SBIC admits that as an accommodation to the Johnson Group Defendant Melvin Shapiro entered into a guaranty with Plaintiffs, or their predecessor in interest, on or about August 31, 1984, but denies each and every other allegation of said paragraph.

27.     Defendant SBIC denies the allegations of paragraph 27 of the Cross-Claim.

28.     In answer to the allegations of paragraph 28 of the Cross-Claim, Defendant SBIC lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

29.     Defendant SBIC denies the allegations of paragraph 29 of the Cross-Claim.

30.     Defendant SBIC admits that the Asset Purchase Agreement has a provision for payment of attorney fees and costs, but denies each and every other allegation of said paragraph.

31.     Defendant SBIC denies the allegations of paragraph 31 of the Cross-Claim.

32.     Defendant SBIC denies the allegations of paragraph 32 of the Cross-Claim.

33.     Defendant SBIC denies the allegations of paragraph 33 of the Cross-Claim.

## FOURTH CAUSE OF ACTION

### (For Declaratory Relief Against All Cross-Defendants)

34.     Defendant SBIC incorporates herein by reference the allegations set forth in paragraphs 1 through 14 of his answer to the Cross-Claim.

35.     Defendant SBIC admits the allegations of paragraph 35 of the Cross-Claim.

36.     Defendant SBIC admits the allegations of paragraph 36 of the Cross-Claim.

37.     Defendant SBIC denies the allegations of paragraph 37 of the Cross-Claim.

38.     In answer to the allegations of paragraph 38 of the Cross-Claim Defendant SBIC lacks information sufficient to form a belief as to the allegations and on that ground denies each and every allegation of said paragraph.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the allegations of the Cross-Claim, Defendant SBIC alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim for Relief)

1.     Defendants' Cross-Claim, and each of the claims for relief set forth therein, fails to state a claim upon which relief can be granted against this answering Defendant, including but not limited to the fact that Defendant SBIC is a dissolved corporation that was previously organized under the laws of the State of Nevada.

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

## SECOND AFFIRMATIVE DEFENSE

### (Alleged Damage Not Caused by this Answering Party)

2.      Defendants' Cross-Claim, and each of the claims for relief set forth therein, is barred, in whole or in part, because any alleged damages were caused by the acts or omissions of persons other than this answering Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence of Cross Claimant)

### (Contributory and/or Comparative Fault)

3.      Cross Claimant is barred from recovering against this Answering Cross Defendant on its Cross Claim, and each cause of action therein, because of the contributory and/or comparative fault of Cross Claimant. If Cross Claimant has been damaged, Cross Claimant's damages were legally caused and are the result, in whole or part, of the acts of Cross Claimant, not this Answering Cross Defendant. Accordingly, any recovery by Cross Defendant is barred or comparatively reduced by the percentage of fault of Cross Claimant.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.      Defendant's Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

5.      Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, by the doctrine of assumption of risk.

ANSWER SHAPIRO BROS. INVESTMENT CORP. TO CROSS CLAIM, AND CROSS CLAIM

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.      Defendant's are estopped to enforce the claims and obligations sought to be enforced in the Cross Claim, and each cause of action therein, because Defendants failed to honor its duties to this Answering Defendant, failed to take proper steps to assert in a timely fashion the claims alleged in the Cross Claim, and otherwise acted in a manner inconsistent with an intent to assert or preserve their right to assert any of the claims, all to the detriment of this Answering Cross Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.      Defendant is barred from recovering against this Answering Cross Defendant on its Cross Claim, and each cause of action therein, because they waived whatever rights they have had to assert the claims contained in the Cross Claim and each cause of action therein. Cross Claimant failed to take proper steps to assert those claims in a timely fashion the claims alleged in the Cross Claim, and otherwise acted in a manner inconsistent with intent to assert or preserve their right to assert any of the claims, all to the detriment of this Answering Cross Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.      Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, by the doctrine of laches.

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9.    Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, by the applicable statute of limitations. Defendants' Cross Claim, and each of the claims for relief set forth therein, against Defendant SBIC or Defendant SBIC are barred by NRS §78.585.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith Compliance with Laws and Regulations)

10.    Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, because this answering Defendant's actions of which Cross Claiming Defendants complain were in good faith compliance with all laws and regulations or were directed by federal, state and/or local governments.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

11.    If Defendants have has suffered any damages as a result of the facts alleged in its Cross Claim, or any cause of action set forth therein, which this Answering Cross Defendant denies, Cross Claimants are not entitled to recover the amount of damages alleged, or any damages, due to its failure to take reasonable efforts to mitigate or minimize the damages incurred.

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

## TWELFTH AFFIRMATIVE DEFENSE

### (State and Federal Law Preemption)

12.     Defendants' Cross-Claim, and each of the claims for relief set forth therein, based upon the common law are barred, in whole or in part, because they are preempted by state or federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendant Lack of Standing to Bring Cross Claim)

13.     Defendants' Cross-Claim, and each of the claims for relief set forth therein, are barred, in whole or in part, because the Cross-Claiming Defendants do not have standing to bring suit under the statutes cited by the Cross-Claiming Defendants, and because the statutes cited provide no cause of action or claim for relief for the alleged damages of which Cross-Claiming Defendants complain.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release from Guaranty)

14.     Defendants' Cross-Claims, and each of the claims for relief set forth therein, based upon the purported Guaranty made by Defendant Shapiro are barred, in whole or in part, because of the following :

      a.      The Guaranty was a limited guaranty.

      b.      No notice of assignment of the Guaranty was given to Defendant Shapiro and this answering Defendant did not consent to any purported assignment of the Guaranty.

      c.      Defendant SBIC has been informed and believes that the obligation guaranteed by Defendant Shapiro was renewed, compromised, extended, accelerated, or otherwise changed without his consent.

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

d.      For other facts at present unknown to Defendant SBIC, but Defendant SBIC will seek leave of court to amend this affirmative defense when the additional facts become known to Defendant SBIC.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

15.     Cross Claimant is barred from recovering against this Answering Cross Defendant on its Cross Claim, and each of the causes of action, because they are barred by a material breach by Cross Complainant of the implied covenant of good faith and fair dealing.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Cross Claimant's Repudiation of Contract)

16.     Cross Claimant is barred from recovering against this Answering Defendant on its Cross Claim, and each cause of action set forth therein, because Cross Defendant's breach of any agreement, if any, were justified by Cross Claimant's repudiation of the agreement between Cross Claimant and The Johnson Group, a corporation formed under the laws of the Country of England, of which contract Cross Defendant is informed and believes and on such belief alleges that it was a third party beneficiary thereof..

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Defendants Acts Excused)

17.     Cross Claimant is barred from recovering on its Cross Claim, and each cause of action set forth therein, because Cross Defendant performed or was legally excused from any nonperformance pursuant to the agreement between Cross Claimant and The Johnson Group, a corporation formed under the laws of the Country of England, of which contract Cross

Defendant is informed and believes and on such belief alleges that it was a third party beneficiary thereof..

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Offset)

**18.** This answering Cross Defendant is entitled to an offset regarding all settlements entered into, or to be entered into between Cross Claimant and any person or entity, including Defendant, relating to its claims and allegations in this proceeding.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Intervening/Superseding Causes)

19. This Answering Cross Defendant alleges that the damages, if any, which Cross Claimant complains were proximately caused and contributed to by the acts of Cross Claimant and other entities or individuals whether named as parties herein or not, other than this responding Cross Defendant, and said acts were intervening and superseding causes of damage, if any, of which Cross Claimant complains, and therefore Cross Claimant is barred from recovering against this Answering Cross Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Failure/Lack of Consideration)

20. This Answering Cross Defendant alleges that the Cross Claim fails to allege facts sufficient to constitute a cause of action due to the failure of consideration and lack of consideration.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Good Faith/Did Not Breach Duty)

21.    This Answering Cross Defendant acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to Cross Claimant.

## TWENTY SECOND AFFIRMATIVE DEFENSE

### (No Contract Existed)

22.    Answering Cross Defendant alleges that recovery under the Cross Claim, and each cause of action presented therein, is barred on the grounds that no contract was ever created by and between Cross Claimant and Cross Defendant.

## TWENTY THIRD AFFIRMATIVE DEFENSE

### (Performance/Satisfaction/Discharge)

23.    This Answering Cross Defendant alleges that any duty or obligation, contractual or otherwise, which Cross Claimant claims are owed to it by this Answering Cross Defendant has been fully performed, satisfied and or/discharge.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

### (Condition Precedent)

**24.**    This Answering Cross Defendant alleges that recovery under the Cross Claim is barred by the failure of a condition precedent.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

### (Condition Subsequent)

25.    This Answering Cross Defendant alleges that recovery under the Cross Claim and each cause of action presented therein is barred by the failure of a condition subsequent.

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

## TWENTY SIXTHAFFIRMATIVE DEFENSE

### (Non-Negotiated Terms, Conditions)

26.    This Answering Cross Defendant alleges that the contract alleged to exist between Cross Claimants predecessor in interest and Cross Defendant was drafted by Cross Claimant's predecessor in interest and contained non-negotiated terms and conditions which exclusively benefited Cross Claimant's predecessor in interest to the detriment of this Answering Cross Defendant at the time the contract was made.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

### (Uncertain Term and/or Agreement to Agree)

27.    This Answering Cross Defendant alleges that the contract alleged to exist between it and Cross Claimant's predecessor in interest was drafted by Cross Claimant's predecessor interest and contained uncertain terms and/or is an agreement to agree in the future.

## TWENTY EIGHT AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

28.    This Answering Defendant is informed and believes, and based thereon alleges, that it has insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated, affirmative defenses are available.   This Answering Defendant reserves the right to assert additional affirmative defenses in the event that discovery reveals the same would be appropriate.

## PRAYERS FOR RELIEF

WHEREFORE, Cross Defendant SBIC, for itself and itself alone, prays for relief on the Cross-Claim as follows:

**ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM**

1.      That Cross Claimant take nothing by their Cross-Claim, or any claim set forth therein.

2.      That Cross Claimants' request for declaratory relief be denied.

3.      That judgment be entered in favor of this answering Cross Defendant.

4.      That Cross Claimants' claims be dismissed with prejudice.

5.      That this answering Cross Defendant be awarded his costs and attorney fees, and

6.      That this answering Cross Defendant be awarded such other and further relief that the Court deems just and proper.

## CROSS-CLAIM BY DEFENDANT SHAPIRO BROS. INVESTMENT CORP AGAINST CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA, INC

In further response to the Cross Claim of Defendants AL PHILLIPS THE CLEANER, INC. ("APTC II") and DCI USA, INC ("DCI"), SHAPIRO BROS. INVESTMENT CORP hereby cross-claims against co-defendants AL PHILLIPS THE CLEANER, INC. ("APTC II") and DCI USA, INC ("DCI") (Collectively "Cross Defendants") as follows:

## THE PARTIES

1.      Defendant SHAPIRO BROS. INVESTMENT CORP was a corporation organized under the laws of the State of Nevada and has been dissolved under the laws of said state.

2.      Defendant SHAPIRO BROS. INVESTMENT CORP is informed and believes and on such information and belief alleges that Defendant DCI is a corporation organized and existing under the laws of the State of Nevada and is the successor by name change and merger to Johnson Group, Inc. ("JGI"), a corporation which was organized and existing under the laws of the State of Ohio.

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

3.      Defendant SHAPIRO BROS. INVESTMENT CORP is informed and believes and on such information and belief alleges that APTC II is a corporation organized under the laws of the State of Nevada, and is a wholly owned subsidiary of DCI.

4.      Defendant SHAPIRO BROS. INVESTMENT CORP is informed and believes on such information and belief alleges that APTC II owns and operates a number of laundry and dry cleaning locations in and around Las Vegas, Nevada.

## STATEMENT OF FACTS

5.      In approximately 1969, Al Phillips the Cleaner, Inc., began operating a laundry and dry cleaning business within a shopping center commonly known as 3651 to 2681 South Maryland Parkway, Las Vegas, Nevada ("the Maryland Square Property"). Al Phillips the Cleaner, Inc., is hereinafter referred to as APT I.

6.      The shareholders, officers and directors of APT I were Defendants Melvin Shapiro and Phil Shapiro.

7.      Leases for the Maryland Square Property were executed by Plaintiffs, or their predecessors in interest, as lessor, and APT I, as lessee in 1968, and 1982. Neither the 1968 or 1982 leases were personally guaranteed by Defendants Melvin Shapiro or Phil Shapiro.

8.      At a time presently unknown to Defendant SBIC, APT I ceased operations at the Maryland Square Property and through either name change, merger, or other corporate reorganization Defendant SBIC commenced operating the laundry and dry cleaning business on the Maryland Square Property.

9.      Defendant SBIC did business at the Maryland Square Property under the name of "Al Phillips the Cleaner, Inc."

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

10.     The shareholders, officers and directors of Defendant SBIC were Defendant Melvin Shapiro and Philip Shapiro.

11.     On or about August 31, 1984, Defendant SBIC made and entered into an Asset Purchase Agreement with Defendant DCI's predecessor in interest, The Johnson Group. ("JGI"), wherein the assets of Defendant SBIC were sold to JGI and JGI assumed certain liabilities of Defendant SBIC. Included among the liabilities assumed by JGI in accordance with the Asset Purchase Agreement was the liabilities under the lease for the Maryland Parkway Property.

12.     The Asset Purchase Agreement stated as follows:

"10 * * * Buyer does not assume any other liabilities of any nature of any kind <u>whatsoever except as specifically set forth in Paragraph 1, clauses 1.4, 1.6 and 1.8 of this Agreement.</u>"

1.7     All of Seller's right, title and interest in the existing leases enumerated on Exhibit "C", which shall be assumed by Buyer, copies of which Leases have been previously delivered to and examined by Buyer, the agreed excess value of such leases being set forth on such Exhibit; [Included in the list is the Maryland Parkway Store]

6.10 [Warranties and Representations of Seller] Seller has conducted and is now conducting its business in a manner that to the best of Seller's knowledge and belief is not in violation of the rights of any other person or in violation of any law or regulation and, in particular, to the best of its knowledge and belief, the use of the Premises is not and, immediately prior to the Closing will not be, in

violation of any law, statute, ordinance or order, rule, regulation or requirement of any governmental body, or authority existing at the date hereof.

13.    **From the wording of paragraph 10, The Johnson Group assumed the liabilities of the Maryland Park Lease. Paragraph 1.6 referred to the transfer of all right, title and interest in the leases to The Johnson Group.** Paragraph 6.10 was SBIC's representation and warranty as to the use of the Premises. The Premises are defined as all of the locations as set forth in Exhibit "A", which includes the Maryland Parkways store.

14.    In August 1984, to the best of SBIC's knowledge and belief its operations did not violate any environmental laws.

15.    In August 1984, as an accommodation to JCI and in order to obtain the consent of Plaintiffs, or their predecessors in interest, as lessor, to the assignment of the Maryland Park Property lease to JCI, Defendant Melvin Shapiro agreed in writing to guaranty the performance by JCI of its obligations, as lessee, under the lease for the Maryland Park Property.

16.    Defendant SBIC was dissolved in accordance with the laws of the State of Nevada in 1984 and all debts of Defendant SBIC were paid at the time of dissolution.

17.    Defendants Melvin Shapiro and SBIC have previously made demand upon Cross-Defendants to defend this action and to save and hold him harmless from any claim by Plaintiffs. Cross-Defendants have refused to defend this action and to save and hold harmless from any claim by Plaintiffs.

## FIRST CAUSE OF ACTION

(For Partial Equitable Indemnity)

18.    Defendant SBIC incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of its Cross-Claim.

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

19.     If Defendant SBIC is found responsible and liable to Plaintiff for any of the allegation contained in the First Amended Complaint, then Defendant SBIC is informed and believes and on that basis alleges that the acts or omission, in whole or in part, of the Cross-Defendants contributed, in whole or in part, to the alleged environmental contamination and/or other wrongful conduct set forth in the First Amended Complaint.

20.     By reason of the foregoing, if Plaintiffs recover judgment against Defendant SBIC then Defendant SBIC is entitled to judgment over and against the Cross-Defendants which was incurred by reason of the acts or omissions of the Cross Defendants.

21.     Defendant SBIC demands that Cross-Defendants acknowledge their responsibility to indemnify Defendant SBIC from any liability which may be imposed upon Defendant SBIC connection with the allegations contained in the First Amended Complaint, and demand that Cross-Defendants assume the continued defense of the First Amended Complaint.

39.     By reason of the First Amended Complaint and Cross-Defendants' acts and omission, Defendant SBIC has incurred and will continue to incur expenses in defending himself in this action, including without limitation costs of investigation, court costs and attorneys' fees in an amount presently ascertainable.

## SECOND CAUSE OF ACTION

### (For Total Equitable Indemnity)

22.     Defendant SBIC incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of its Cross-Claim.

23.     If Defendant SBIC is found responsible and liable to Plaintiff for any of the allegation contained in the First Amended Complaint, then Defendant SBIC is informed and

believes and on that basis alleges that such liability will be based solely upon a derivative form of liability imposed upon Defendant SBIC

24.    Defendant SBIC by law and not by reason of any negligent or otherwise wrongful acts or omissions on the part of Defendant SBIC, whereas the negligent or otherwise wrongful acts or omissions of Cross Defendants, if any, were active and affirmative and, therefore, Defendant SBIC is entitled to total equitable indemnification by said Cross Defendants, to the extent that Defendant SBIC is held liable to Plaintiffs..

25.    Defendant SBIC demands that Cross-Defendants acknowledge their responsibility to indemnify Defendant SBIC from any liability which may be imposed upon Defendant SBIC in connection with the allegations contained in the First Amended Complaint, and demand that Cross-Defendants assume the continued defense of the First Amended Complaint.

26.    By reason of the First Amended Complaint and Cross-Defendants' acts and omission, Defendant SBIC has incurred and will continue to incur expenses in defending himself in this action, including without limitation costs of investigation, court costs and attorneys' fees in an amount presently ascertainable.

### THIRD CAUSE OF ACTION

(For Contractual Indemnity)

27.    Defendant SBIC incorporates herein by reference the allegations set forth in paragraphs 1 through 17 of its answer to the Cross-Claim.

28.    In accordance with the Asset Purchase Agreement, JGI assumed all obligations under the lease agreement, including the environmental contamination alleged in Plaintiffs First Amended Complaint.

29.     The Asset Purchase Agreement provides that the prevailing party in any litigation is entitled to recover its costs and attorney's fees.

30.     Defendant SBIC has performed all of its obligations under the Asset Purchase Agreement.

31.     Cross-Defendants have breached the Asset Purchase Agreement or any related agreements with Defendant SBIC, among other things, failing and refusing to indemnify and hold harmless Defendant SBIC from any liability which may be imposed upon Defendant SBIC in connection with the allegations contained in the First Amended Complaint and demand that Cross-Defendants assume the continued defense of the First Amended Complaint.

32.     Defendant SBIC demands that Cross-Defendants acknowledge their responsibility to indemnify Defendant SBIC from any liability which may be imposed upon Defendant SBIC in connection with the allegations contained in the First Amended Complaint, and demand that Cross-Defendants assume the continued defense of the First Amended Complaint.

33.     By reason of the First Amended Complaint and Cross-Defendants' acts and omission, Defendant SBIC has incurred and will continue to incur expenses in defending himself in this action, including without limitation costs of investigation, court costs and attorneys' fees in an amount presently ascertainable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant SBIC prays for relief as follows:

1.     For judgment against Cross-Defendants in the proportionate amount of any judgment entered against Defendant SBIC that is equal to the proportionate amount of Cross-Defendants negligence or wrongful acts and/or omissions.

2.     For judgment against Cross-Defendants in the amount of any judgment entered against Defendant SBIC in favor of Plaintiffs.

3.     For all allowable costs and reasonable attorney's fees.

4.     For all allowable prejudgment and post-judgment interest;

5.     For costs of suit incurred herein;  and

6.     For such other and further relief as the Court may deem just and proper.

Dated:  June 24, 2004

LEVIN & OBERMAN

By
JEFFREY T. OBERMAN
LEVIN & OBERMAN
345 N. Maple Dr.
Suite 294
Beverly Hills, CA. 90210-3855
Telephone No. (310) 247-4590
Facsimile Transmission No. (310) 777-8754

NEIL J. BELLER
7408 W. Sahara Avenue
Las Vegas, NV 89101
Telephone No. (702) 368-7767
Facsimile Transmission No. (702) 368-7720

Attorneys for Defendant SHAPIRO BROS.
INVESTMENT CORP

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 345 N. Maple Drive, Suite 294, Beverly Hills, California 90210-3855.

    On June 25, 2004, I served the foregoing documents described as **ANSWER BY DEFENDANT SHAPIRO BROS. INVESTMENT CORP TO CROSS CLAIM OF CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA, AND CROSS-CLAIM BY DEFENDANT SHAPIRO BROS. INVESTMENT CORP. AGAINST CO-DEFENDANTS AL PHILLIPS THE CLEANER, INC., AND DCI USA JURY DEMANDED** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

RICHARD J. POCKER
DOUGLASS A. MITCHELL
DICKERSON. DICKERSON,
CONSUL & POCKER
777 North Rainbow Blvd., Suite 350
Las Vegas, NV 89107

Facsimile: (702) 388-0210

JOHN F. CREAK, JR
SONJA INGLIN
JENKENS & GILCHRIST, LLP
12100 Wilshire Blvd, 15th Floor
Los Angeles, CA 90025
Facsimile: (310)820-8859
Attorneys for Plaintiffs

JAMES P. C. SILVESTRI (NV Bar No 3603)
PYATT, SILVESTRI & HANLON
201 Las Vegas Boulevard, South Suite 300
Las Vegas, Nevada 89101
Facsimile:  (702) 477-0088

MICHAEL W. STEBBINS (CA Bar No. 138326)
TOMLINSON ZISKO LLP
200 Page Mill Road
Palo Alto;,California 94306
Facsimile: (650)324-1808

Attorneys for Defendants

ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM

AL PHILLIPS THE CLEANER, INC.
and DCI USA, INC.,

[X]        (BY REGULAR [ ] EXPRESS MAIL): I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

[ ]        (BY FEDERAL EXPRESS [ ] AIR COURIER): I caused a courtesy copy of such documents to be delivered by air courier, with next business day service to the counsel for the interested parties.

[ ]        (BY PERSONAL SERVICE): I caused such envelope(s) to be delivered by hand to the offices of the addressee as indicated above.

[ }        BY VIA FACSIMILE): I caused a true copy thereof sent via facsimile to the telecopier number(s) shown above.

[ ]        (STATE) I declare under penalty of perjury that under the laws of the State of California that the above is true and correct.

[X]        (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

        Executed on June 25, 2004, at Beverly Hills, California. Under penalty of perjury under the laws of the State of California I declare the aforesaid to be true and correct.

_MIMI POWE

**ANSWER SHAPIRO BROS. INVESTMENT CORP, TO CROSS CLAIM, AND CROSS CLAIM**